■ In the Matter of DEBRA LYNN (STOKES) YELVERTON, Appellant, v WAYNE D. STOKES, Respondent. [669 NYS2d 80] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 10, 1996, which, *inter alia*, denied petitioner's application, in a proceeding pursuant to Family Court article 6, to relocate with the parties' child to another State.

The parties met while both were enrolled at Cornell University in Tompkins County; they were married in September 1976, separated in September 1991 and divorced in September 1993. Two children were born of the marriage, Olin (born in 1987), who died in 1990 from a chronic intestinal disease, and

Conor (born in 1991). Respondent married Kristi Stokes in June 1996 and remained in Tompkins County. In a letter dated January 18, 1996, respondent was advised of petitioner's intention to marry John Schabowski and to move with Conor to San Jose, California, where Schabowski lived and worked; she suggested a modification of the existing custody and visitation agreement. The underlying separation agreement dated August 7, 1993 provided for joint custody, with petitioner having primary physical custody. Respondent had visitation with Conor every other weekend plus two evenings each week with an arrangement to renegotiate visitation by July 1996 to coincide with Conor's entry into kindergarten.

In March 1996 petitioner filed a modification petition in Family Court seeking to modify the custody agreement and visitation schedule so as to permit her to move to California with Conor. The letter to respondent requesting his approval to relocate Conor was annexed to the petition; it proposed that respondent have lengthy, extensive and uninterrupted visitation during winter and summer vacations, that respondent would be relieved of his child support and medical expense obligations, and that petitioner would pay all of Conor's travel expenses. Respondent cross-petitioned, requesting that petitioner be restrained from relocating Conor to California or, in the alternative, seeking sole custody. In July 1996 petitioner married John Schabowski. After a full hearing Family Court denied petitioner's request to relocate with the child, granted respondent's cross petition for sole custody and granted petitioner visitation. Petitioner has appealed.

We affirm. Relocation requests which would effectively deprive one parent of the right to frequent and regular contact with the child can be granted provided the move is in the best interest of the child (*Matter of Tropea v Tropea*, 87 NY2d 727, 736; *Matter of Burnham v Basta*, 241 AD2d 628, 629-630, *lv denied* 90 NY2d 812). Each case should be considered on its own merits with consideration of all factors (*Matter of Tropea v Tropea*, *supra*, at 739). The factors in determining a child's best interest include "the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Perry v Perry*, 194 AD2d 837). The parent seeking relocation must show by "a preponderance of the evidence that a proposed relocation would serve the child's best interest[ ]" (*Matter of Tropea v Tropea*, *supra*, at 741), taking into account, *inter alia*, the "quality of the relationships between the child and the

custodial and noncustodial parents" (*id.*, at 740). We recognize Family Court's advantageous position to assess the credibility of the witnesses (*see, Matter of Davis v Davis*, 240 AD2d 928, 929-930; *Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813), and "that the factual findings of Family Court are afforded great deference on appeal * * * and will not be disturbed if supported by a sound and substantial basis in the record" (*Matter of Morgan v Becker*, 245 AD2d 889 [citations omitted]).

Here, as noted, petitioner's reason for seeking the move was her marriage to a man already living and employed in a lucrative position in California, the lack of similar opportunities for him in New York and the availability of jobs for her there. Respondent's reason for opposing the move was a desire to continue his close relationship with his son and his expressed intention to increase his time spent regardless of the instant proceeding based upon the visitation renegotiation terms of the separation agreement. As noted, petitioner was the primary care provider for the child and respondent had joint custody and extensive visitation until Family Court's August 1996 decision.

Family Court found that both parents were "generally suitable" and, while it noted a number of petitioner's deficiencies, it failed to discuss the negative aspects of respondent's behavior. However, despite Family Court's failure to discuss the deficiencies which reflected negatively upon respondent in its decision, there is ample support in the record for the court's determination. Of significance are petitioner's commitment to move to California, which is her new husband's place of work and residence and a locale with which Conor is generally unfamiliar, her failure to seriously plan for Conor's enrollment in a suitable school in California, her new husband's lack of experience with children and his lack of anything but a developing relationship with Conor. These factors weighed against the close relationship between Conor and respondent, the close and comfortable relationship between Conor and respondent's new wife, the expressed desires of the child, and the stability of remaining in the geographic area of his birth where he benefits from the familiarity of his favorite activities, his friends and his extended family, many of whom represent petitioner's side of the family. Notably, the Law Guardian recommended custody to respondent and has supported Family Court's determination on this appeal.

On our review of the record we conclude that petitioner has failed to meet her burden of establishing that Conor's best

interest will be served by moving with her to California (*see, Matter of Tropea v Tropea, supra*) and that Family Court's determination has a sound and substantial basis in the record.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.