■ CHRISTOPHER S. LONG, Appellant, v MARY S. LONG, Respondent. [675 NYS2d 673] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 6, 1997 in Ulster County, which granted defendant's motion to modify the parties' separation agreement to allow defendant to relocate with the children to another State.

The parties are the parents of two children, born in 1986 and 1988. The parties' November 1993 separation agreement provides for joint custody of the children, with physical custody to defendant and liberal visitation to plaintiff, and addresses the issue of relocation in the following terms: "If either [plaintiff] or [defendant] move[s] a distance of 100 miles from their present home, the parties agree to renegotiate the visitation arrangements herein stated to permit and foster visitation equal to the time currently enjoyed by [plaintiff] with the costs of the transportation for the [children] to facilitate such visitations to be born[e] equally between the parties." In September 1995, defendant was engaged to marry Larry Rena and, in anticipation of their upcoming marriage, sought to relocate with the children to Rena's residence in Massachusetts, approximately 200 miles from her home. After an unsuccessful effort to negotiate the terms of the relocation with plaintiff, defendant made the present application to Supreme Court. Following a two-day hearing conducted in August 1996, Supreme Court weighed the various factors, both positive and negative, and made findings pursuant to *Matter of Tropea v Tropea* (87 NY2d 727), ultimately concluding that the relocation was in the children's best interest and granting the application. Plaintiff appeals.

We affirm. Based upon our review of the record on appeal, Supreme Court's resolution of credibility issues, its consider-

ation of the nature and extent of the visitation that plaintiff would lose as a result of the move, as well as the children's love for both of their parents, and its findings that (1) defendant's marriage and employment opportunity with Rena's family business provided defendant with a genuine motive to relocate, (2) the parties' current financial circumstances were limited, (3) the move would provide financial benefit and enhanced educational opportunities for the children and increase the over-all quality of their lives, and (4) defendant was willing to allow plaintiff liberal visitation with the children and to provide transportation to and from weekend visitation, we conclude that Supreme Court's decision has a sound and substantial basis in the record and should not be disturbed (*see, id.; Matter of Hubbard v Hubbard*, 221 AD2d 807, 808).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.