■ ROBERT C. SAVAGE, Plaintiff, v LINDA P. MORRISON, Formerly Known as LINDA P. SAVAGE, Defendant. [691 NYS2d 842] —Controversy unanimously determined in favor of plaintiff without costs and order entered directing that the child remain in Monroe County. Memorandum: Plaintiff father and defendant mother commenced this action upon submission of controversy and agreed statement of facts pursuant to CPLR 3222. The parties ask this Court to resolve the issue whether defendant may relocate with the parties' minor child to Pittsburgh (*see,* CPLR 3222 [b] [3]). Based on the submitted facts, we conclude that such relocation is not in the child's best interests (*see, Matter of Tropea v Tropea,* 87 NY2d 727). The parties entered into a separation agreement in May 1992 that was incorporated but not merged in a subsequent judgment of divorce. The agreement provided that the "mother shall have the right to move with the child." While that provision in the agreement is a relevant factor to consider in determining the child's best interests, it is not dispositive (*see, Matter of Tropea v Tropea, supra,* at 741, n 2; *Carlson v Carlson,* 248 AD2d 1026, 1028; *see also, Eschbach v Eschbach,* 56 NY2d 167, 171).

Defendant contends that she seeks to relocate to Pittsburgh to enable her to care for her elderly mother. The record, however, supports plaintiff's contention that defendant seeks to relocate in order to deprive defendant of his relationship with his daughter. A custodial evaluation report made in 1992 by a clinical psychologist indicated that defendant was attempting to gain power over plaintiff by taking the child away from him. In addition, defendant's husband indicated that he and defendant had discussed relocating from Monroe County, but that the options were not limited to Pittsburgh.

Even assuming, arguendo, that defendant's reason to relocate is unrelated to plaintiff, we conclude that other factors support the denial of defendant's request to relocate. Both parents

have a close and loving relationship with their child. Plaintiff has exercised his visitation rights with the child on a regular basis. The record establishes, however, that plaintiff and defendant do not get along and often have conflicts regarding the child's visitation with plaintiff. Defendant has not shown that she is supportive of the child's relationship with plaintiff, which is a factor to consider in determining the impact of the move upon the child. There is no indication in the record that defendant would encourage the child to maintain contact with plaintiff while in Pittsburgh. In addition, the 12-year-old child has indicated that she wishes to remain in Monroe County (*see generally, Matter of Yelverton v Stokes*, 247 AD2d 719, 721, *lv denied* 92 NY2d 802). Based on the those and other factors, we conclude that it is in the child's best interests to remain in Monroe County. (Action on Submitted Facts Pursuant to CPLR 3222.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.