In the Matter of ROBERT CHURCH, Appellant, v CARMEN COHEN, Respondent. [698 NYS2d 524] —In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Warren, J.), dated August 24, 1998, which denied his petition to relocate with the parties' child to an area outside the geographical limitation established by the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated September 13, 1995.

Ordered that the order is affirmed, with costs.

In *Matter of Tropea v Tropea* (87 NY2d 727), the Court of Appeals held that "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra,* at 739). The Court of Appeals set forth a list of nonexclusive factors which it considered relevant to the ultimate determination

(*Matter of Tropea v Tropea, supra*, at 740-741): "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements".

After weighing the appropriate factors as set forth in *Matter of Tropea v Tropea* (*supra*), the Family Court properly found that it was in the child's best interests to deny the father's request to relocate to Yardley, Pennsylvania with the child.

The father's remaining contentions are without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.