■ Joyce R. Thompson, Respondent, v Jeffrey M. Smith, Appellant. [715 NYS2d 505] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 9, 1999 in Tompkins County, which, *inter alia*, modified a prior judgment by allowing plaintiff to relocate with the parties' child to another State.

Plaintiff and defendant are the parents of a son (born in 1994). Upon separation in 1997, the parties entered into a stipulation, subsequently incorporated into a court order, providing for joint custody of the child, with primary residence of the child with plaintiff and liberal visitation with defendant. Plaintiff thereafter commenced an action for divorce, and simultaneously sought permission to relocate to Oregon with the parties' son and her then fiancé, Richmond Thompson. Supreme Court denied the request for relocation and the prior custody order was continued by judgment of divorce entered in September 1998.

In April 1999, plaintiff commenced this action by order to

show cause seeking modification of the custody provisions by awarding her sole custody as well as permission to relocate with the child to Maine. Following an evidentiary hearing, Supreme Court granted plaintiff's request for permission to relocate to Maine with the child. Defendant appeals.

We affirm. Even where the parties have joint custody, the principles enunciated in *Matter of Tropea v Tropea* (87 NY2d 727, 736) apply (*see, Matter of Yelverton v Stokes*, 247 AD2d 719, *lv denied* 92 NY2d 802). Initially, we reject defendant's contention that there is no substantial basis in the record to support Supreme Court's finding that circumstances changed since the August 1998 decision denying relocation to Oregon so as to permit relocation to Maine. At the time of the first decision, plaintiff was not married to Thompson; he had a postdoctoral research appointment at a university in Oregon, a position which does not usually involve permanent employment, and cross-continental travel for visitation would have been required. Plaintiff and Thompson have now married and Thompson, a neuroendocrinologist, has obtained a tenure-track appointment at Bowdoin College in Maine as an assistant professor. Thus, there is record support for Supreme Court's determination that the parties' circumstances have changed since the previous decision denying relocation.

Turning to the merits of plaintiff's relocation request, we note that consideration must be given to " 'all the relevant facts and circumstances and * * * predominant emphasis [must be] placed on what outcome is most likely to serve the best interest[ ] of the child' " (*Matter of Church v Cohen*, 266 AD2d 285, quoting *Matter of Tropea v Tropea, supra*, at 739). The nonexclusive list of relevant factors for consideration include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra*, at 740-741). We review the record mindful of Supreme Court's advantageous position to assess the credibility of the witnesses (*see, Matter of Davis v Davis*, 240 AD2d 928) and afford great deference to its factual determinations which are not to be disturbed if supported by a sound and substantial basis in the record (*see, Matter of Morgan v Becker*, 245 AD2d 889).

Here, there is support in the record that plaintiff has a good-faith basis in seeking to relocate to Maine. Tenure-track positions in Thompson's chosen field are scarce and despite a diligent search, he was unable to find such a position closer to defendant's residence than Maine. Moreover, the record supports Supreme Court's conclusions that the move will substantially improve plaintiff's economic situation by avoiding duplication of household expenses and enabling her, through Thompson's support, to pursue a Master's degree in education so that she may become certified to teach. The record further indicates that plaintiff, Thompson and the child have developed a loving and mutually supportive relationship; thus, the move will benefit the child insofar as it will strengthen and stabilize the new postdivorce family unit (see, Matter of Tropea v Tropea, supra, at 739).

Moreover, although relocation will effectively eliminate defendant's midweek visitation and diminish the frequency of his weekend visits, by requiring plaintiff to pay air travel costs for the child to be with defendant on numerous extended weekend visits throughout the year in addition to extended summer and holiday visits, and the provision for additional visitation at defendant's option for one weekend per month in Maine, we cannot say that Supreme Court's visitation schedule deprives defendant of the opportunity to maintain a close relationship with the child.

Finally, we note the feasibility of a parallel move by defendant to be near the child (see, id., at 740), inasmuch as the record indicates that defendant's single lifestyle and his skills as a self-employed machinist and part-time baker are readily transplantable. We conclude that Supreme Court fully considered the issues in determining that relocation would be in the child's best interest (see, Thomas v Thomas, 271 AD2d 726, 726-727) and that its decision has a sound and substantial basis in the record (see, Long v Long, 252 AD2d 722). Accordingly, we decline to disturb it.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.