■ In the Matter of THERESA KRYVANIS, Respondent, v CHRISTOPHER KRUTY, Appellant. [733 NYS2d 297] —Rose, J. Appeal from an order of the Family Court of Clinton County (Garvey, J.H.O.), entered May 5, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent, who are now divorced, have one child (born in 1986). Family Court granted petitioner legal and physical custody of the child in 1988. In 1998, petitioner applied for modification of that order to permit her to relocate with the child to North Carolina where her new husband is employed. Respondent, who had been having supervised visitation with the child, cross-petitioned for unsupervised visitation. Following a hearing, Family Court granted petitioner's request to relocate and denied respondent's cross petition. Respondent

appeals, arguing that petitioner failed to demonstrate the economic necessity for her relocation and that relocation will deny him meaningful access to the child. We disagree.

As the party seeking relocation, petitioner had the burden of demonstrating, by a preponderance of the evidence, that the proposed relocation would be in the child's best interest (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Thompson v Smith*, 277 AD2d 520, 521; *Matter of Crawson v Crawson*, 263 AD2d 656, 657; *Matter of Yelverton v Stokes*, 247 AD2d 719, 720, *lv denied* 92 NY2d 802). Here, the record indicates that respondent has had only limited and sporadic supervised visitation since the child's birth, and has gone as long as three years without seeing the child. There is no evidence that respondent ever played an active role in the child's social, educational, spiritual or emotional development. Respondent has paid no child support for several years and testified that he has no real objection to the child's relocation. As to the potential impact on future contact between respondent and the child, the record shows that petitioner has a plan for such visitation and is willing to bring the child for visitation. Petitioner's proof concerning the lower cost of living in North Carolina, her prospects for a higher paying position there and her husband's much better employment situation all support Family Court's finding of economic necessity for the relocation. We further note that the child has been in North Carolina since October 1998, pursuant to an earlier court order, and now has established friendships and has several relatives in the area. Thus, we find that Family Court considered all of the required factors, and its determination has a sound and substantial basis in the record (*see, Matter of Hudson v Hudson*, 279 AD2d 659, 661; *Matter of Bodrato v Biggs*, 274 AD2d 694, 696).

Respondent also contends that Family Court erred in denying him unsupervised visitation. It is well settled, however, that the determination of whether visitation should be supervised " 'is a matter left to Family Court's sound discretion * * * and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record' " (*Matter of Fisk v Fisk*, 274 AD2d 691, 692-693, quoting *Matter of Shawn Y.*, 263 AD2d 687, 688 [citation omitted]). The evidence here establishes that respondent previously disregarded court visitation orders and disrupted supervised visitation on more than one occasion. Family Court also interviewed the child in camera (*see, Dwyer v De La Torre*, 279 AD2d 854, 857), and took judicial notice of prior proceedings regarding visitation during which respondent made highly

prejudicial admissions regarding his conduct with his biological daughter from a prior marriage. While noting prior expert testimony that unsupervised visitation would be appropriate, Family Court nevertheless found that respondent had produced no new evidence why unsupervised visitation was more appropriate than when the court previously denied it. Accordingly, we decline to disturb Family Court's denial of respondent's cross petition.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.