■ In the Matter of JOHN M. JELFO JR., Appellant, v SHARON M. ARTHUR, Respondent. [743 NYS2d 596] —Crew III, J. Appeals (1) from an order of the Family Court of Tompkins County (Rowley, J.), entered November 8, 2001, which, inter alia, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation, and (2) from an order of said court, entered December 11, 2001, which denied petitioner's motion for reconsideration.

The parties were married in 1985 and have two sons, Stephen (born in 1989) and Adam (born in 1991). Following their divorce in 1993, the parties agreed to joint custody and left it to Supreme Court to divide the time the children spent with each parent as equally as possible. Following a hearing, Supreme Court awarded the parties joint custody and granted petitioner physical custody of the children during the school year. During this time period, respondent was granted visitation one night per week and all weekends except one each month. At the conclusion of the school year, physical custody of the children was transferred to respondent through August, with petitioner enjoying the same visitation schedule exercised by respondent during the academic year.

At the time the foregoing custody arrangement was fashioned, petitioner was residing in the Town of Manlius, Onondaga County, where he worked as an audit director. When such position was eliminated in June 1994, petitioner and the children relocated to the Town of Horseheads, Chemung County. Respondent, who was then residing in the Town of Geneva, Ontario County, did not oppose the move. Petitioner and respondent thereafter married their current spouses in September 1994 and July 1995, respectively. In September 1997, petitioner again relocated, this time to the Town of Dryden, Tompkins County. Again, respondent did not oppose the move, as her travel time to exercise visitation with the children was essentially the same from Geneva to either Horseheads or Dryden.

By all accounts, this custodial arrangement proceeded without incident until July 2001, when petitioner elected to ac-

cept a new position in Dallas, Pennsylvania, a three-hour commute from respondent's residence in Geneva. Contending that the travel time and distance involved would substantially interfere with her weekly visitation with her sons, respondent opposed petitioner's move. Petitioner relocated without seeking prior approval from the court and thereafter moved to modify the prior order of custody and visitation with regard to respondent's visitation schedule. Respondent answered and cross-petitioned for physical custody of the children during the school year.

Following a hearing, Family Court granted respondent's cross petition, awarding her physical custody of the children during the school year. In return, petitioner was granted visitation one weekend per month during the school year at his residence in Pennsylvania, one weekend per month during the school year in the Geneva area, the children's entire Thanksgiving break, one week during their Christmas break, alternate Christmases and the children's entire spring break. During the summer recess, the children would reside with petitioner except for the two consecutive weeks of visitation awarded to respondent. Petitioner thereafter moved for reconsideration, contending that one of the children had experienced a change of heart since the *Lincoln* hearing and now wished to reside with him. Family Court denied petitioner's application and these appeals ensued.

We affirm. Where, as here, a custodial parent seeks to change his or her residence in a manner that would detrimentally affect the other parent's ability to enjoy "frequent and regular contact with the child" (*Matter of Yelverton v Stokes*, 247 AD2d 719, 720, *lv denied* 92 NY2d 802), the relocating party bears the burden of demonstrating, by a preponderance of the evidence, that the proposed move nonetheless is in the child's best interest (*see, Matter of Kryvanis v Kruty*, 288 AD2d 771, 772; *Matter of Burr v Emmett*, 249 AD2d 614). Although this is not a classic relocation case in that petitioner moved to Pennsylvania prior to commencing this proceeding, the factors enunciated in *Matter of Tropea v Tropea* (87 NY2d 727) nevertheless provide the framework for resolving the underlying custody issue. Such factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and education-

ally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (*id.* at 740-741).

In this regard, petitioner conceded that his primary motivation for relocating was financial, and although he testified as to the modest increase in his base salary, the potential to share in the bonus pool and the opportunities for further advancement within the company, the record as a whole simply does not support his contention that relocating the children to Pennsylvania would substantially enhance their well-being in terms of educational opportunities or overall quality of life. As to respondent's reason for opposing the move, the record indicates that despite living more than one hour away from the children when they resided in this state, she remained actively involved in their lives on a weekly basis by exercising her visitation rights and commuting in order to attend their doctors' appointments, school events and sporting activities. Although the children appear to enjoy a loving and positive relationship with both parents, it is clear that permitting the children to relocate to Pennsylvania would significantly diminish the extensive and frequent contact that respondent and the children previously enjoyed. Thus, on balance, we cannot say that Family Court erred in concluding that petitioner had failed to demonstrate that permitting the children to reside in Pennsylvania was in their best interest.

Nor are we persuaded, given the totality of the circumstances, that Family Court erred in awarding respondent primary physical custody of the children during the school year. To be sure, the length of time that the children resided with petitioner prior to his relocating to Pennsylvania and their relationship with their half-sisters are important factors to consider in determining which custody arrangement indeed is in their best interest. The children's ability and desire to maintain a close relationship with respondent, however, is also an important consideration. In the final analysis, even a cursory review of the record reveals that both petitioner and respondent are fit and loving parents who are equally capable—both monetarily and spiritually—of providing for their children's physical, emotional and educational well-being. That being the case, and in view of petitioner's decision to relocate to another state, we see no basis upon which to disturb Family Court's decision to award primary physical custody of the children to respondent during the school year. We have considered petitioner's remaining contentions, including his assertion that Family Court erred in denying his motion for reconsideration, and find them to be lacking in merit.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.