■ DEBORAH J. RHEINGOLD, Appellant, v ALAN RHEINGOLD, Respondent. [771 NYS2d 367]—

In a matrimonial action in which the parties were divorced by judgment dated August 31, 2000, the plaintiff appeals, by permission, (1) from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated August 1, 2003, as directed a hearing to aid in the determination of her motion to relocate with the parties' children, and (2) from an order of the same court dated August 6, 2003, which appointed a law guardian for the children.

Ordered that the order dated August 1, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 6, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Although the parties agreed in their stipulation, incorporated but not merged into their judgment of divorce, that after August 1, 2001, the mother could relocate to within a 40-mile radius of the marital residence, such an agreement is not dispositive, but rather, is a factor to be considered along with all of the other factors the hearing court should consider when determining whether the relocation is in the best interests of the children (*see Matter of Tropea v Tropea,* 87 NY2d 727, 741 n 2 [1996]; *Matter of Church v Cohen,* 266 AD2d 285 [1999]; *Savage v Morrison,* 262 AD2d 1077 [1999]; *Carlson v Carlson,* 248 AD2d 1026, 1028 [1998]). Accordingly, the Supreme Court properly set the matter down for a hearing. Further, the Supreme Court providently exercised its discretion in appointing a law guardian to assist in determining the best interests of the children.

We have not considered the report submitted by the law guardian on this appeal (*see generally Weiglhofer v Weiglhofer,* 1 AD3d 786 [2003]; *Matter of Rueckert v Reilly,* 282 AD2d 608 [2001]). Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.