■ In the Matter of Vicky Shaffer, Appellant, v Mark Winslow, Respondent. [793 NYS2d 561]—

Crew III, J. Appeals (1) from an order of the Family Court of Otsego County (Burns, J.), entered September 16, 2003, which, in a proceeding pursuant to Family Ct Act article 6, denied petitioner's motion for a change of venue, and (2) from an order of said court, entered September 30, 2003, which partially granted petitioner's application to modify a prior order of custody.

· Petitioner and respondent are the biological parents of a daughter, born in 1994. In 1995, petitioner apparently was granted primary physical custody of the child, and respondent was awarded liberal visitation. In 1997, petitioner accused respondent of sexually abusing the child and sought to limit his visitation. Following an eight-day hearing, Family Court (Coccoma, J.) determined that petitioner's allegations were entirely unfounded and amounted to nothing more than an attempt to alienate the child from respondent. As a result, Family Court awarded primary physical custody to respondent.

Immediately following the issuance of Family Court's decision, petitioner absconded with the child and, notwithstanding the diligent efforts of numerous law enforcement agencies, remained in hiding with the child for approximately three years. Petitioner returned with the child only after persuading respondent to execute an agreement that would allow her to retain

custody of the child and avoid prosecution for kidnapping. Family Court (Burns, J.) rejected petitioner's subsequent attempt to enforce the parties' agreement, finding it to be the product of duress. By order entered January 23, 2002, the parties agreed that respondent would have sole custody of the child and that petitioner would have supervised visitation with the child twice a week. Pursuant to the terms of that order, jurisdiction and venue over any further proceedings in this or any collateral matter remained with the Otsego County Family Court.

In April 2003, petitioner commenced the instant proceeding seeking, among other things, unsupervised visitation with the child. Thereafter, in August 2003, petitioner moved for a change of venue based upon the fact that the parties and the child now resided in Fulton County. Family Court denied petitioner's request for a change of venue, finding that venue was properly placed in Otsego County and, further, that petitioner failed to demonstrate good cause for the requested change. As to petitioner's modification proceeding, Family Court granted her application, in part, by permitting petitioner telephone contact with the child three times each week and allowing her to attend the child's school functions. Family Court, however, denied petitioner's request for unsupervised visitations, finding, among other things, that allowing such visitations would place the child at grave risk of again being abducted. These appeals by petitioner ensued.

We affirm. As a starting point, we reject petitioner's contention that Family Court erred in denying her request for a change of venue. Family Ct Act § 171 modifies the general venue provisions of CPLR 503 (a) by providing that "[a] lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." Family Ct Act § 174 further provides that "[t]he family court in a county may for good cause transfer a proceeding to a family court in any other county where the proceeding might have been originated and shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated." Inasmuch as this proceeding was brought to modify a lawful order of the Otsego County Family Court, petitioner's original choice of venue—Otsego County— was proper under Family Ct Act § 171. That being the case, Family Court was permitted, but not required, to transfer venue to Fulton County "for good cause" pursuant to Family Ct Act § 174. We agree with Family Court that petitioner failed to demonstrate such good cause and, accordingly, petitioner's application in this regard was properly denied.

Nor are we persuaded that Family Court erred in denying petitioner's request, made at the start of the underlying hearing, that the Judge recuse himself. The record as a whole fails to reveal that Family Court was "interested" in the outcome of this proceeding as that term is defined by Judiciary Law § 14 and, hence, recusal was not required under that provision. Nor does the record substantiate petitioner's claim that Family Court was biased against her. Indeed, her conclusory assertion in this regard is belied by the fact that her modification petition was granted in part.

Finally, we have no quarrel with Family Court's decision to deny petitioner's request for unsupervised visitation with her daughter. Petitioner's past conduct, coupled with her evasive testimony at the hearing,* provides an ample basis for Family Court's determination in this regard. Accordingly, Family Court's order is in all respects affirmed.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Despite her denials, petitioner's steadfast refusal to answer questions regarding her whereabouts and/or the medical care received by the child while she and the child were in hiding raises legitimate concerns as to whether petitioner is protecting certain medical providers and other resources should she again find herself in need of them.