■ In the Matter of SCOTT A. DUNAWAY, Respondent, v TERESA M. ESPINOZA, Appellant. (And Two Other Related Proceedings.) [805 NYS2d 680]—

Kane, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered June 18, 2004, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the parents of a daughter born in January 2002. Respondent has a son, from a previous marriage, born in 1997. The parties lived together in California, then moved to New York, where petitioner's family resides, when their daughter was a few months old. During a period of separation in 2002, respondent filed a custody petition. The parties reconciled before the court date. According to petitioner, he did not appear on the petition because respondent told him she withdrew it; as a result, when respondent nevertheless appeared in court she was granted sole custody on default. In September 2003, the parties permanently separated. Petitioner filed for modification of the custody order. Respondent filed a petition requesting permission to relocate to Las Vegas, Nevada where her family lives. Af-

ter a hearing, Family Court denied respondent's petition, granted petitioner sole custody and provided respondent with limited supervised visitation. Respondent appeals.

Family Court properly denied respondent's relocation request. Respondent failed to meet her burden of proving that relocation would be in her daughter's best interest (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). The child lived with both parents for the majority of her life. Respondent had only vague plans for employment in Las Vegas and would be living in cramped quarters with relatives who had past criminal records. Petitioner would be living with his father and stepmother in a nice neighborhood where the child had her own bedroom and was already enrolled in daycare. Petitioner worked full time and could support the child. The child lived in New York for most of her life and had regular contact with her paternal grandparents, but had only met her maternal relatives a few times. Petitioner expressed a willingness to encourage a relationship with the other parent.

On the other hand, respondent testified that she felt the child had no relationship with petitioner and would not care if she never saw him again. Respondent was trying to have another man take a paternity test to prove that petitioner is not the child's father, despite affirming in several petitions that he was and respondent attempted to have the child registered with a Native American tribe in an effort to deprive the court of jurisdiction over the custody matter. In addition, respondent absconded to Las Vegas with the child during these proceedings, in contravention of a court order prohibiting her from removing the child from the state, and lied to petitioner, her own attorney and the court concerning her whereabouts. Permitting a move would have severely limited any contact between the child and noncustodial parent because of the distance and the parties' financial circumstances. After considering all the appropriate factors, the Family Court properly determined that relocation was not in the child's best interest (*see Matter of Jelfo v Arthur*, 295 AD2d 689, 690-691 [2002]; *cf. Matter of Kryvanis v Kruty*, 288 AD2d 771, 772 [2001]).

Based on respondent's decision to move to Las Vegas regardless of Family Court's decision, the court properly awarded petitioner sole custody. As the trial court is in the best position to assess credibility, we give due deference to its findings (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 986 [2003]). "Although siblings should be kept together if possible, that rule has become more complicated due to changing family dynamics" (*Matter of Tavernia v Bouvia*, 12 AD3d 960, 962 [2004]

[citation omitted]; *cf. Matter of Robert GG. v Kathleen HH.*, 273 AD2d 713, 714 [2000]). Respondent's son, the child's half-brother, was in respondent's custody and had already moved to Las Vegas with his father. While there was evidence of a loving bond between the two children, the court only had jurisdiction to consider the parties' daughter, and her best interest was served by granting custody to petitioner. Respondent's conduct created a real concern that she would flee with the child and prevent petitioner from having any contact, further supporting an order placing the child in petitioner's custody. This legitimate concern also justified the court's determination that respondent's visitation must be supervised (*see Matter of Rosario WW. v Ellen WW., supra* at 986).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.