■ KRISTIE M. PETROSKI, Appellant, v JEFFREY J. PETROSKI, Respondent. [808 NYS2d 852]—

Appeal from a judgment of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered May 9, 2005 in a divorce action. The judgment, among other things, granted the parties joint custody of their children, with primary physical custody with defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment entered in this divorce action, plaintiff contends that Supreme Court erred in granting the parties joint custody of their children, with primary physical custody with defendant. We reject that contention. In seeking to relocate with the children, plaintiff was required to establish by a preponderance of the evidence that the proposed relocation would be in the children's best interests (see generally Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Fruchter v Fruchter, 288 AD2d 942 [2001]) and, as the court properly determined, she failed to meet that burden. Prior to trial, the parties had shared physical custody of the children, with equal amounts of time spent with each parent, and the children were attending a school located within two miles of each party's home. Plaintiff, however, was building a new home approximately 25 miles from defendant's residence and thus sought primary physical custody so that she could enroll the children in the school district near her new home. We agree with the court that plaintiff failed to establish by a preponderance of the evidence that the proposed relocation would be in the best interests of the children (see generally Tropea, 87 NY2d at 740-741). Contrary to plaintiff's contention, the court's decision establishes that the court considered the relevant factors set forth in Tropea, and the court was not required to state that it had considered those factors.

Also contrary to plaintiff's contention, the record establishes that the court properly considered the terms of the parties' separation agreement. Indeed, the first two paragraphs of the court's decision address the terms that the court allegedly failed to consider. The further contention of plaintiff that the court erred in failing to enforce the parties' separation agreement to the extent that the separation agreement granted her permission to move with the children is similarly without merit. "While

that provision in the [separation] agreement is a relevant factor to consider in determining the child's best interests, it is not dispositive" (*Savage v Morrison*, 262 AD2d 1077, 1077 [1999]; *see Tropea*, 87 NY2d at 741 n 2). We further reject the contention of plaintiff that the court erred in determining that she was not the children's primary caregiver. Rather, the record supports the court's determination that both parties contributed equally to the parenting duties.

Finally, we note that plaintiff's remaining contention concerning the appointment of a new law guardian is moot in light of our determination herein. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.