■ In the Matter of MONIQUE DE CICCO, Appellant, v ANTHONY J. DE CICCO, Respondent. (And Six Other Related Proceedings.) [814 NYS2d 395]—

Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered March 22, 2005, which, inter alia, dismissed petitioner's application, in seven proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a March 2004 Family Court order, the parties were granted joint legal custody of their two children—a son (born in 1996) and a daughter (born in 1993)—with petitioner to have supervised visitation only. Less than two months later, petitioner sought a modification of the order, requesting more visitation, as well as unsupervised visitation. Numerous other modification and violation petitions followed by both parties, including a request for sole custody by respondent. Following a hearing, Family Court dismissed the violation proceedings for failure of proof and modified the prior order by granting respondent sole custody of the children.[1] The court continued supervised visitation for petitioner. In its order, however, the court anticipated that petitioner's visitation would be expanded

---

1. In the interim, Family Court issued an order which, among other things, increased petitioner's weekend visitations with the children.

in the future provided that the family participates in counseling and the children progress in therapy. On appeal, petitioner argues that the best interests of her children warrant liberal, unsupervised visitation.

Family Court's decision to continue the requirement that all visits be supervised for the time being has a sound and substantial basis in the record promoting the children's best interests (*see e.g. Matter of Dunaway v Espinoza*, 23 AD3d 928 [2005]; *Matter of St. Pierre v Burrows*, 14 AD3d 889 [2005]; *Matter of Hamm-Jones v Jones*, 14 AD3d 956 [2005]; *see also Matter of Peet v Parker*, 23 AD3d 940, 941 [2005]) and, thus, we affirm. In short, petitioner failed to demonstrate a sufficient change in circumstances to warrant her application for liberal and unsupervised visitations (*see e.g. Matter of Pettengill v Kirley*, 25 AD3d 935 [2006]; *Matter of Shaffer v Winslow*, 17 AD3d 766, 768 [2005]; *see also Matter of Abranko v Vargas*, 26 AD3d 490 [2006]). The primary reason for ordering supervised visitation in the first instance was petitioner's conduct in absconding to Arizona with the children a few years earlier. Testimony at the hearing established that the parties' daughter suffers from posttraumatic stress disorder as a result of this incident. Indeed, she reported to her treating school counselor that she was told to use a different name while in Arizona and contemplated suicide while there. According to this counselor, the parties' daughter is afraid of having her life disrupted and has grown accustomed to the lack of frequent visitation with petitioner.[2]

Moreover, there was conflicting evidence concerning the appropriateness of petitioner's behavior during supervised visits. Petitioner's friend, who only supervised four to five visits during the spring of 2004, testified that she observed normal, affectionate interaction between petitioner and the children although she acknowledged that sometimes during these visits, which only lasted between 60 and 90 minutes, petitioner left to purchase supplies or food. On the other hand, respondent's friend, who was paid to supervise the more recent visits, gave a different version of visitation.

According to this witness, the children clung to her and there were times when the parties' son did not want to participate at all. This witness testified that petitioner made derogatory

---

2. To be sure, a family therapist who treated the family testified that there is no evaluative indication that the children were traumatized from their "trip" out of state with petitioner and opined that petitioner should have more, unsupervised time with them. Family Court was obviously unpersuaded by her opinions.

remarks about respondent in front of the children, made a hurtful comment to the daughter about disowning the son and told both children that she did not need them in that she could have more children. We further note that, as of the hearing, petitioner had not been exercising consistent visitation, claiming she could not afford it.[3] Thus, under these circumstances, we cannot say that Family Court erred in denying petitioner's application for increased and unsupervised visitation. She does have the opportunity for increased and unsupervised visitation once compliance with counseling is demonstrated and the children are ready for same.

As a final matter, although not specifically challenged, the decision to terminate joint custody also has a sound and substantial basis in the record promoting the children's best interests (*see Matter of St. Pierre v Burrows, supra*).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** Despite her status as a full-time nurse earning $35 per hour, petitioner's excuse for not scheduling these visits was that she could not afford the cost ($15 for her weekly evening visit and $60 for her biweekly Sunday visit).