■ DAVID BRUCE MCMAHAN, Respondent, v ELENA MCMAHAN, Appellant. [880 NYS2d 120]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lubell, J.), dated August 15, 2007, as directed a hearing to aid in the determination of her motion for permission to relocate with the parties' children.

Ordered that on the Court's own motion, the defendant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Although the parties agreed in a stipulation dated March 10, 2005, that the mother could relocate to within a 90-mile radius of the marital residence, such an agreement is not dispositive, but rather, is a factor to be considered along with all of the other factors that the court should consider when determining whether the relocation is in the best interests of the children (*see Rheingold v Rheingold*, 4 AD3d 406 [2004]; *see also Matter of Tropea v Tropea*, 87 NY2d 727, 741-742 [1996]; *Petroski v Petroski*, 24 AD3d 1295, 1296-1297 [2005]; *Savage v Morrison*, 262 AD2d 1077 [1999]). Additionally, "[t]he submissions of the

parties raised a host of serious and conflicting allegations on the issue of parental fitness" (*Metzger v Metzger*, 240 AD2d 642, 642 [1997]; *see Matter of Hughes v Lane*, 56 AD3d 555 [2008]). Accordingly, the Supreme Court properly set the matter down for a hearing to aid in the determination of the motion. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.

---

Motion by the plaintiff, inter alia, to dismiss an appeal from so much of an order of the Supreme Court, Westchester County, dated August 15, 2007, as directed a hearing to aid in the determination of the defendant's motion for permission to relocate with the parties' children, on the ground that the portion of the order appealed from is not appealable as of right. By decision and order on motion dated November 29, 2007, this Court held that branch of the motion which was to dismiss the appeal in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.