■ In the Matter of ANNE GRAVEL, Appellant, v JAMES MAKRIANES, Respondent. [991 NYS2d 452]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Rouse, J.), dated April 3, 2013, as, without a hearing, denied her petitions to relocate to Michigan with the parties' two minor children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' judgment of divorce, entered April 22, 2003, provided that the parties were to have joint custody of the subject children, who were born August 15, 1996, and January 15, 1998, respectively. By petitions dated January 2, 2013, the mother sought permission to relocate to Michigan with the subject children, and the father opposed her request and moved to dismiss the petitions. After considering the parties' written submissions and taking testimony from the parents, the Family Court denied the petitions. The mother appeals.

In order to modify an existing custody arrangement, there must be a showing of a change in circumstances (*see Matter of Dorsa v Dorsa*, 90 AD3d 1046 [2011]). In determining whether relocation is appropriate, each "request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *see Matter of Caruso v Cruz*, 114 AD3d 769 [2014]).

In making its determination here, the Family Court, which had presided over several past petitions between the parties, considered the submissions of the parties and their sworn testimony concerning the mother's relocation request. The father had been intimately involved in the children's lives since their birth and was their exclusive caregiver during the mother's temporary move to Michigan (*see Matter of McBryde v Bodden*, 91 AD3d 781 [2012]). By remaining in New York, the children could remain in their schools and maintain the relationships they had formed with their friends and community. Although the parties agreed, in a stipulation that was incorporated but not merged into the judgment of divorce, that the mother could relocate outside the Town of East Hampton if the father's child support payments were lowered to under $500 per week, such an agreement is not dispositive. Rather, it is a factor to be considered along with all of the other factors the court should consider when determining whether relocation is in the best

interests of the children, including the distance between their current home and the proposed home in Michigan (*see Mc-Mahan v McMahan*, 62 AD3d 968 [2009]; *Rheingold v Rheingold*, 4 AD3d 406 [2004]; *see also Matter of Tropea v Tropea*, 87 NY2d at 741-742; *Petroski v Petroski*, 24 AD3d 1295, 1296-1297 [2005]; *Savage v Morrison*, 262 AD2d 1077 [1999]). In her sworn testimony, the mother admitted that she had not spoken to the children about moving to Michigan, and further failed to demonstrate that their lives would be enhanced economically, emotionally, or educationally by the proposed move to Michigan. The Family Court's determination that the proposed relocation would have a negative impact on the children's relationship with the father, and would not be in their best interests, has a sound and substantial basis in the record (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Hirtz v Hirtz*, 108 AD3d 712, 714 [2013]; *Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]).

Contrary to the mother's contention, under the circumstances presented here, it was not necessary for the Family Court to have conducted a full evidentiary hearing in this matter, as it possessed "adequate relevant information to enable it to make an informed and provident determination with respect to the best interests of the children" (*Piccinini v Piccinini*, 103 AD3d 868, 870 [2013]; *see Matter of Katz v Shomron*, 116 AD3d 777, 778 [2014]).

Accordingly, the Family Court properly denied the mother's petitions to relocate. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.