Matter of Jaimes v Gyerko (2018 NY Slip Op 07125)





Matter of Jaimes v Gyerko


2018 NY Slip Op 07125


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-06898
 (Docket Nos. V-63286-17D/E, V-63287-17D/E)

[*1]In the Matter of Eric Jaimes, appellant, 
v
Magdalena Gyerko, respondent. Eric Jaimes, Mamaroneck, NY, appellant pro se.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Lisa Zeiderman and Matthew Marcus of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered June 23, 2017. The order, without a hearing, granted that branch of the mother's motion which was to dismiss the father's petition to modify a prior custody order, to enjoin her from relocating with the parties' children from Mamaroneck, New York, to Woodbridge, Connecticut, and to appoint an attorney for the children.
ORDERED that the order is reversed, on the law, without costs or disbursements, that branch of the mother's motion which was to dismiss the father's petition is denied, and the matter is remitted to the Family Court, Westchester County, for a hearing on the father's petition, and a new determination thereafter.
On March 13, 2014, the parties executed a custody stipulation that was so-ordered and incorporated, but not merged, into their judgment of divorce. The parties agreed to joint custody of their two children, with the mother being the primary residential custodian. The stipulation permitted the mother to relocate within 55 miles of her current residence without the express written permission of the father or a court order. In 2017, after the mother informed the father that she and the children would be relocating from Mamaroneck, New York, to Woodbridge, Connecticut, the father filed a petition to modify the so-ordered stipulation based on a change in circumstances, to enjoin the mother from relocating with the children, and to appoint an attorney for the children. The father argued that the relocation, while within 55 miles of the mother's Mamaroneck residence, would not be in the children's best interests. The mother moved to dismiss the petition, arguing, inter alia, that the parties' custody stipulation permitted the relocation. The Family Court, finding that the parties' custody stipulation permitting the relocation was dispositive, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(1) to dismiss the petition.
The Family Court should not have granted the relief requested by the mother and summarily dismissed the petition pursuant to CPLR 3211(a)(1). "No agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interest" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see [*2]McMahan v McMahan, 62 AD3d 968, 968; Rheingold v Rheingold, 4 AD3d 406). Thus, although the parties agreed in their stipulation that the mother could relocate to within 55 miles of her residence in Mamaroneck, such an agreement is not dispositive, but rather, is a factor to be considered along with all of the other factors a hearing court should consider when determining whether the relocation is in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d 727, 741 n 2; Rheingold v Rheingold, 4 AD3d 406; Matter of Church v Cohen, 266 AD2d 285; Savage v Morrison, 262 AD2d 1077; Carlson v Carlson, 248 AD2d 1026). Further, the father made an evidentiary showing that the mother's proposed move might not be in the children's best interests (see Gentile v Gentile, 149 AD3d 916, 918). Where, as here, facts essential to the best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required (see S.L. v J.R., 27 NY3d 558, 564). Accordingly, we reverse the order and remit the matter to the Family Court, Westchester County, for a hearing on the father's petition, and a new determination thereafter.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court