Matter of Steven EE. v Laura EE. (2019 NY Slip Op 07450)





Matter of Steven EE. v Laura EE.


2019 NY Slip Op 07450


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

526261

[*1]In the Matter of Steven EE., Appellant,
v
Laura EE. et al., Respondents.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Michelle I. Rosien, Philmont, for Laura EE. and another, respondents.
Dennis B. Laughlin, Cherry Valley, for Joelle EE., respondent.
Christopher Hammond, Cooperstown, attorney for the child.



Devine, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered November 29, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent Joelle VV. (hereinafter the mother) are the parents of the subject child (born in 2011). Since 2012 the child has been cared for by her grandparents, respondent Laura EE. and respondent Steven VV. — the father's stepmother and father, respectively. A string of orders have addressed the custody and visitation rights of the parties, including a February 2017 order, entered upon stipulation, that granted joint legal custody and primary physical placement of the child to the grandparents and afforded parenting time to the father and the mother. The father was granted two hours of specified visitation with the child every Saturday, the visitation to occur in public and near the grandparents' residence in Otsego County, as well as any agreed-upon additional parenting time. Family Court also provided that, if the father either completed recommended substance abuse treatment or was evaluated and found to need no further treatment, a change in circumstances would occur that would warrant a petition for modification of the custodial arrangement.
In May 2017, the father commenced the present proceeding to modify the visitation schedule, alleging that he had engaged with a substance abuse treatment provider and that no further treatment was recommended. He sought, in particular, three hours of additional parenting time, the lifting of the public visitation requirement and a direction that the exchange for his parenting time occur in Oneida County. Following a hearing, Family Court found that the requested modifications were not in the best interests of the child and dismissed the petition. The father appeals, and we affirm.
Although he did not raise the issue before Family Court, the father observes that the selected prior orders in the record do not contain a finding of extraordinary circumstances affording the grandparents standing to seek custody of the child (see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Bennett v Jeffreys, 40 NY2d 543, 546 [1976]). The father agreed to the custodial provisions of the February 2017 order, however, and this appeal stems from his limited effort to modify the visitation provisions of that order. An extraordinary circumstances finding was not, as a result, needed (see Domestic Relations Law § 72 [2] [c]). Even if one were required and has never been made, however, the evident extended disruption of the father's custody would support a finding of extraordinary circumstances (see Domestic Relations Law § 72 [2]; Matter of Suarez v Williams, 26 NY3d at 453-454). Accordingly, as the party seeking a modification in the visitation provisions of the February 2017 order, the father was obliged to "show[] a change in circumstances since entry thereof, and, upon satisfying this burden, . . . demonstrate that modification is in the child's best interests" (Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018]; see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]).
Family Court was skeptical that the father had meaningfully engaged in substance abuse treatment since the issuance of the February 2017 order — pointing out that the father had misled the treatment provider about his current alcohol use and continued to drink despite a history of substance abuse that he minimized — but was willing to assume that the father's discharge from treatment constituted a change in circumstances under the terms of the February 2017 order. The issue accordingly became what visitation arrangement was in the best interests of the child and, in that regard, the father had both missed some scheduled visitation and rejected the grandparents' offers of additional visitation. The father suggested that this was due to the costs of traveling from his Syracuse area home to Otsego County, but he knew where the child lived when he settled in that area and admitted that he had no interest in moving closer to the child. The foregoing belies the father's claim that he has a close relationship with the child that would warrant additional visitation, as does his disturbing lack of knowledge about her complicated medical condition and educational needs and his refusal to speak to the grandparents about those or any other issues involving the child. Moreover, Laura EE. testified that the child has returned upset on more than one occasion from her visits with the father, and Family Court expressed its doubts as to whether additional visitation would be wise in light of the father's continued alcohol use. According deference to the credibility determinations of Family Court, we find in the foregoing a sound and substantial basis for its determination that expanding the scope or degree of the father's visitation is not in the best interests of the child (see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1121-1122 [2017]; Matter of De Cicco v De Cicco, 29 AD3d 1095, 1096-1097 [2006]; Steck v Steck, 307 AD2d 819, 820 [2003]; cf. Matter of Beeken v Fredenburg, 145 AD3d 1394, 1396-1397 [2016]).
Finally, the father also sought to force the grandparents to ferry the child back and forth from Oneida County for visitation exchanges, but Family Court credited Laura EE.'s testimony that such a requirement would impair the grandparents' ability to care for their own disabled child. Deferring to that credibility assessment, and noting the dearth of evidence that making the child travel for visitation would be in her best interests, a sound and substantial basis in the record also supports the continuation of visitation in Otsego County.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.