Matter of Portia M. v Antaeus A. (2025 NY Slip Op 05153)

Matter of Portia M. v Antaeus A.

2025 NY Slip Op 05153

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Docket No. V-07517-20/22|Appeal No. 4734|Case No. 2024-07157|

[*1]In the Matter of Portia M., Petitioner-Appellant,
v
Antaeus A., Respondent-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Amanda G. Katz, R.), entered on or about November 25, 2024, which, to the extent appealed from as limited by the briefs, denied petitioner mother's application for an order of unsupervised visitation with the subject child in the state of Washington, unanimously affirmed, without costs.
Family Court's determination that it was in the child's best interest to deny the mother's request for unsupervised visitation with the child in Washington state, where the mother now resides, was supported by a sound and substantial basis in the record (see Matter of David H. v Khalima H., 111 AD3d 544, 545 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]; see also Melissa C.D. v Rene I.D., 117 AD3d 407, 407-408 [1st Dept 2014]). The court reached this determination after a fact-finding hearing during which it heard testimony from both parents, as well as considered the Attorney for the Child's opposition to the mother's petition. The court properly considered the fact that the mother had a history of noncompliance with court orders and had absconded to South Africa with the child a few years earlier, where she remained for nearly two years despite court orders to return the child to the United States (see Matter of Vasquez v Ortiz, 77 AD3d 962, 963 [2d Dept 2010], lv denied 16 NY3d 701 [2011]; see also Matter of De Cicco v De Cicco, 29 AD3d 1095, 1096 [3d Dept 2006]). The child, who was 10 years old at the time of the hearing, has continuously expressed a desire not to travel to Washington for visitation. Moreover, while the in-person visits in New York City between the mother and the child have been positive, it is undisputed that they have been infrequent, with the last visit occurring over a year before Family Court issued its decision. The frequency of the mother's calls and text messages to the child have also decreased.
Furthermore, the visitation schedule provides the mother with liberal phone contact and extended unsupervised visits in New York City several times during the year and, thus, does not deprive her of the opportunity to maintain a close relationship with the child (see Matter of Alaire K.G. v Anthony P.G., 86 AD3d 216, 222 [1st Dept 2011]; see also Matter of Hall v Clas, 144 AD3d 801, 802-803 [2d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025