■ CARLISLE DICKSON, Appellant, v ERNEST F. FERULLO, Respondent. — Order unanimously affirmed, without costs. Memorandum: Whether contempt sanctions under CPLR 5251 are applied in a particular case is a matter of judicial discretion (6 Weinstein-Korn-Miller, NY Civ Prac, par 5251.07). The court did not abuse its discretion in this case by refusing to hold the judgment debtor in contempt while ordering him to comply with the information subpoena. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — contempt.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ SOUTHEAST CHRYSLER-PLYMOUTH, INC., Appellant, v ARNOLD J. PIERONI et al., Respondents. (Appeal No. 1.) — Appeal unanimously dismissed as academic. (Appeal from order of Supreme Court, Erie County, Cook, J. — amend answers; summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ SOUTHEAST CHRYSLER-PLYMOUTH, INC., Appellant, v ARNOLD J. PIERONI et al., Respondents. (Appeal No. 3.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant Arnold J. Pieroni, Sr., was president, general manager, a member of the board of directors and a 36% stockholder of plaintiff Southeast Chrysler-Plymouth, Inc. (Southeast). Defendant Arnold J. Pieroni, Jr., was a service consultant and defendant Salvatore A. Marino was a sales manager for Southeast. Approximately three weeks before he resigned from Southeast, Mr. Pieroni, Sr., without authorization, removed a blank check from the corporate account and had defendant Marino cosign it. Mr. Pieroni, Sr., then made it payable to himself for $55,500, signed it on behalf of Southeast as drawer, and had his son, defendant Pieroni, Jr., negotiate the check and deposit it in a separate bank account. On the day he resigned, Mr. Pieroni, Sr., instructed his son to transfer the $55,500 to a different account at a different bank. Several months later, and after Mr. Pieroni, Sr., had refused Southeast's demand for the return of the money, Mr. Pieroni, Jr., transferred the funds to an account in his father's name. Mr. Pieroni, Sr., then obtained a bank draft for $55,500 and kept it at his home. Southeast sued each defendant for conversion and breach of a fiduciary duty and sued defendant Pieroni, Sr., for breach of contract as well. Defendants interposed counterclaims based upon conversion, conspiracy and abuse of process. Southeast moved to confirm an ex parte order of attachment to dismiss defendants' counterclaims and for summary judgment. Special Term confirmed the attachment but denied the motions for summary judgment and dismissal. Special Term properly confirmed the order of attachment because Southeast established that defendants removed the $55,500 with intent to frustrate the enforcement of a judgment to which it would be entitled (CPLR 6201, subd 3). Special Term also correctly denied summary judgment against defendant Marino because he cosigned a blank check as he frequently did in his capacity as Southeast's sales manager, and there is an issue of fact whether he knew for what purpose the check was to be used. Special Term erred however in denying Southeast summary judgment against defendant Pieroni, Sr., who has admitted not only that he failed to record the $55,500 withdrawal but also that he concealed the withdrawal from Southeast's treasurer and orchestrated the transfer of the money from one account to another for the sole purpose of preventing Southeast from securing attachment of the funds. Since there is no triable issue of fact with respect to defendant Pieroni, Sr.'s liability, Special Term should have granted summary judgment to Southeast on its causes of action for conversion (see *Meese v Miller,* 79 AD2d 237, 242-243; *Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30