■ EDUCATIONAL READING AIDS CORP., Appellant, v PRESTON YOUNG et al., Respondents.—In an action to recover damages, *inter alia,* for unfair competition, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated October 17, 1989, which denied its motion to hold the defendants in civil and criminal contempt of a consent order and judgment (one paper) of the same court (Samenga, J.), entered August 12, 1985.

Ordered that the order is affirmed, with costs.

The plaintiff Educational Reading Aids Corp. and the defendants are engaged in the business of selling educational aids to the parents of elementary and junior high school students. This appeal concerns the plaintiff's motion to hold the defendants in civil and criminal contempt of a consent order and judgment entered in this action in 1985 which permanently enjoined the defendants, their agents, servants, employees and all persons acting on their behalf *inter alia,* from communicating with the plaintiff's employees for the purpose of enticing them to leave the plaintiff's employ and from using the plaintiff's "leads" (potential customers) in soliciting business.

An application to punish a party for contempt is addressed to the sound discretion of the court *(see, Matter of Storm,* 28 AD2d 290; *cf., City of Poughkeepsie v Hetey,* 121 AD2d 496). "In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed" *(Matter of McCormick v Axelrod,* 59 NY2d 574, 583, *amended* 60 NY2d 652; *see also, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 240). The distinguishing element between civil and criminal contempt is the degree of willfulness of the conduct *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra).*

Following a hearing, the court determined that the plaintiff failed to establish that the defendants disobeyed the terms of the consent order and judgment and denied the application to hold them in contempt. We find that the court properly exercised its discretion, and therefore affirm the order appealed from. The plaintiff's contentions were based on the

activities of its former salesperson, Paul Carluccio. The evidence established that Carluccio was an independent contractor who sold the defendants' products and that his communications with the plaintiff's salespersons were not undertaken on behalf of the defendants.

In view of our determination, we need not reach the plaintiff's remaining contentions. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.