■ In the Matter of WHITECO METROCOM DIVISION OF WHITECO INDUSTRIES, INC., Appellant, v DONALD LAMBERT, as Chairman of the Planning Board of the Town of Brunswick, et al., Respondents. [633 NYS2d 640] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Spain, J.), entered November 17, 1994 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted respondents' motion to dismiss the petition as untimely.

We affirm Supreme Court's order holding that this CPLR article 78 proceeding, commenced December 30, 1993, was

untimely. The time limitation for the filing thereof was triggered on August 12, 1992, the date when the minutes of respondents' Planning Board meeting of June 18, 1992 were filed in the office of the Clerk of the Town of Brunswick in Rensselaer County. It was at this meeting where the pivotal determination herein—conditioning site plan approval for a strip mall to be constructed by a third party upon the removal of petitioners' billboard—was made. Hence, this proceeding, commenced over a year and four months after the filing of respondents' decision, was untimely pursuant to Town Law former § 274-a (3) (*see*, CPLR 217).

We reject petitioner's contention that Supreme Court erred by failing to hold respondents in contempt of court for violating a temporary restraining order directing that the billboard be left in place pending the outcome of this proceeding. Viewing the record as a whole, it cannot be said that Supreme Court acted injudiciously in declining to sanction respondents (*see*, *Educational Reading Aids Corp. v Young*, 175 AD2d 152; *Matter of Nestler v Nestler*, 125 AD2d 836, 837).

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.