■ In the Matter of EDWARD KEMP, Respondent, v KIMBERLY TEETER, Appellant. [675 NYS2d 250] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered April 17, 1997, which, *inter alia,* denied respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' child to another State.

The parties, who never married, are the parents of a daughter, Brittany, born in 1994. In September 1994, respondent petitioned for custody of the minor child and, in December 1994, the parties entered into a stipulation and order pursuant to which respondent was granted sole legal and physical custody of Brittany and petitioner was granted visitation every other Saturday or Sunday from 9:00 A.M. to 6:00 P.M. The stipulation further provided that respondent would not remove the child from this State without petitioner's written consent, which petitioner agreed not to arbitrarily or maliciously withhold.

Petitioner apparently visited with the child on a regular basis until late August 1995, when the parties' relationship began to deteriorate. Thereafter, in September 1995, respondent filed a modification petition seeking to suspend visitation between petitioner and Brittany and successfully obtained a temporary order of protection prohibiting such visitations.* The record indicates that it was not until March 1996 that a

---

* The apparent basis for the temporary order of protection was petitioner's alleged physical abuse of respondent.

permanent order of protection was issued permitting supervised visitations between petitioner and the child on either Sundays or Wednesdays, with the precise day apparently to be determined by respondent. Problems between the parties persisted, however, and it does not appear that petitioner had a successful visit with his child after entry of the March 1996 order.

In May 1996, respondent advised petitioner that she wished to relocate to North Carolina with Brittany and her then-fiancé, Gary Warner. Although petitioner denied respondent's request to relocate, respondent nonetheless moved to North Carolina in October 1996, where she and Warner purchased a home and obtained employment—she as a teller in a local credit union, he as a truck driver.

Petitioner thereafter filed three separate petitions alleging, *inter alia*, that respondent had violated the December 1994 stipulation and order by relocating with the child to another State without his permission and, further, that respondent had violated the March 1996 order of protection by denying him visitation. Petitioner also sought modification of the December 1994 stipulation and order, requesting that he be granted custody of Brittany. Respondent answered and cross-petitioned for permission to relocate with the child to North Carolina.

At the conclusion of the hearing that followed, at which the parties appeared and testified, Family Court found that respondent indeed had violated the December 1994 stipulation and order by relocating with Brittany to North Carolina without petitioner's permission and, further, that respondent had denied petitioner visitation with the child. Petitioner's request for sole custody of Brittany was denied. As to respondent's cross petition, Family Court denied respondent's application, finding that relocation to North Carolina was not in Brittany's best interest as such a move would deprive her of regular and meaningful contact with petitioner. Accordingly, respondent was ordered to return to this State with the child. This appeal by respondent ensued.

We affirm. As the party seeking relocation, respondent bore the burden of establishing by a preponderance of the evidence that the proposed move would be in Brittany's best interest (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Matter of Burr v Emmett*, 249 AD2d 614). Such a determination is to be made by the court upon considering a multitude of factors including, but not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's

future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra,* at 740-741).

Based upon our review of the record as a whole, we cannot say that respondent met her burden of demonstrating that the proposed move would be in Brittany's best interest. Although respondent's stated motivation for relocation was economic in nature, respondent failed to convincingly demonstrate that she and Warner could not secure similar employment in New York. Notably, at the time of trial respondent, who previously was a licensed day care provider in this State, had left her position at the local credit union to begin work at a day care center in North Carolina. And while respondent testified in a conclusory fashion that Warner could not find similar employment in this State, the record fails to reflect that Warner, who previously worked as a truck driver in Ohio, made a sincere attempt to do so.

As to the quality of the relationship between petitioner and Brittany, while it is true that petitioner had very little contact with his child between September 1995 (when the temporary order of protection precluding such visits was entered) and the commencement of this proceeding in December 1996, the record suggests that this lack of visitation was not entirely of petitioner's making. Prior to September 1995, petitioner had regular visitations with his child and, despite respondent's stated willingness to "drive half way" with the child every month or so, such visits certainly would not provide petitioner with regular and meaningful access to his child. Additionally, we express some concern, as did Family Court, regarding the feasibility of transporting such a young child that great of a distance on anything approaching a regular basis.

Finally, in our view, respondent failed to demonstrate that the proposed move would substantially enhance either her or Brittany's quality of life. Although respondent and Warner were able to purchase a mobile home in North Carolina, respondent conceded that a similar home could have been purchased in this State but that she did not pursue that option. Additionally, with the exception of a paternal uncle, it appears that none of Brittany's extended family reside in North Carolina. Accordingly, based upon a consideration of all of the relevant factors, we find that Family Court did not err in denying respondent's request to relocate. Respondent's remaining

contentions have been examined and found to be lacking in merit.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.