■ In the Matter of ELIZABETH A. MILEA, Appellant, v ANGELO R. J. PARADISO, Respondent. [719 NYS2d 749] —Cardona, P. J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered June 17, 1999, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' minor children.

Petitioner and respondent, who never married, are the parents of Anne (born 1989) and Angelo (born 1993). In May 1995, Family Court, Kings County, issued an order awarding

the parties joint custody of the children and directed "that neither party may leave New York City without consulting [and] obtaining the permission of the other party." In May 1998, petitioner removed the children from Kings County and relocated to Greene County without obtaining respondent's consent. Thereafter, she filed a petition in Family Court, Greene County, seeking, *inter alia*, an order awarding sole custody of the children to her and allowing relocation of the children to Greene County.* Respondent, in turn, cross-petitioned for, *inter alia*, dismissal of the petition and transfer of the matter to Family Court, Kings County. We note that the matter was not transferred to Kings County at that time and no appeal was taken from that determination.

Thereafter, Family Court, Greene County, issued a temporary order awarding sole custody of the children to petitioner as well as a temporary order of protection, the latter of which was vacated when the court learned that petitioner was in voluntary physical contact with respondent. Following the appointment of a Law Guardian, the court conducted a trial in January 1999 and, upon conclusion, found that petitioner did not establish by a preponderance of the evidence that relocation and a change of custody would be in the best interests of the children. Consequently, it denied petitioner's request and, *inter alia*, awarded joint custody of the children with primary physical custody during the school year to respondent and primary physical custody during the summer vacation period to petitioner. This appeal ensued.

As the party seeking relocation, the burden was upon petitioner to demonstrate, by a preponderance of the evidence, that the move to Greene County was in the children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Matter of Kemp v Teeter*, 252 AD2d 685, 686; *Matter of Burnham v Basta*, 241 AD2d 628, 629, *lv denied* 90 NY2d 812). Factors relevant to this inquiry include: "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra*, at 740-741).

---

* Petitioner also sought an order of protection against respondent for herself and the children.

Family Court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see, Matter of Burr v Emmett*, 249 AD2d 614, 615).

As a basis for her requests seeking sole custody and relocation, petitioner alleged that respondent subjected her and the children to verbal and physical abuse jeopardizing their emotional and physical well-being. She presented the testimony of her adult son from another relationship who stated that he witnessed respondent strike Angelo. He further indicated that respondent was physically abusive towards him when he lived with the parties. He acknowledged that the alleged incidents involving Angelo occurred two to three years prior to trial and the abuse perpetrated against him occurred six years earlier. In addition, petitioner's sister-in-law stated that respondent did not have a great deal of tolerance when interacting with the children and she witnessed him hit Angelo in the face.

Petitioner testified that respondent would discipline the children by punching them and throwing furniture at them. She stated that he smacked them with a stick indicating that he did not love them. She stated that he cursed at them and used racial epithets in their presence. Furthermore, petitioner related that respondent was physically abusive towards her in front of the children. She stated that she went to a Greene County domestic violence shelter in May 1998 because respondent struck Angelo in the face.

On the other hand, Family Court listened to testimony from respondent who denied that he ever struck the children with an object; however, he admitted that he did hit them on their backside to discipline them. He indicated that the Department of Social Services investigated him for possible child abuse and concluded that the allegations were unfounded. He testified that he stayed home and was the primary caretaker of the children while petitioner worked. In addition, four nonparty witnesses familiar with respondent and the children testified that they never saw respondent strike his children and respondent and the children appeared to have a loving relationship.

Giving due consideration to Family Court's evaluation of the testimony and assessment of witness credibility (*see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676; *Matter of Bodrato v Biggs*, 274 AD2d 694, 696), we conclude that Family Court's determination has a sound and substantial basis in this record. We agree with Family Court's conclusion that the evidence did not adequately disclose any compelling safety reasons warranting a change of custody or relocation of the children to Greene County.

Furthermore, petitioner argued that the move to Greene County would allow her and the children to be in close proximity to her extended family and permit the children to be raised in a country environment. On the other hand, there was proof that the children attended an exceptional public school in Brooklyn only a few blocks from their home with many nearby institutions of higher learning and opportunities for cultural growth. The Law Guardian observed that the children had a 45-minute bus ride each way to school in Greene County and was of the opinion that they would have fewer opportunities for higher education. Moreover, both the Law Guardian, who advocated in favor of denying the petition, and the psychologist, who recommended that the petition be granted, agreed that the children had a strong attachment to respondent and he was an active parent. Under all of the circumstances, and according Family Court deference, we find that petitioner did not meet her burden of demonstrating "a change in circumstances which will ensure the continued best interests of the child[ren]" justifying alteration of the existing arrangement of joint custody (*Matter of Hrusovsky v Benjamin, supra,* at 675). Therefore, we decline to disturb Family Court's order.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.