■ In the Matter of CHRISTINA HERMAN, Appellant, v ISMAEL VILLAFANE, Respondent. (And Another Related Proceeding.) [779 NYS2d 297]—

Mercure, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered December 31, 2002, which, inter alia, partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties, who never married, are the parents of two children born in 1997 and 2000. Petitioner (hereinafter the mother), who was born in Prague and fled the Czech Republic for the United States when she was 19 years of age to escape alleged political persecution, filed a petition seeking custody of the parties' children and permission to relocate the children to the Czech Republic. Respondent (hereinafter the father) filed a separate petition for custody. The mother currently lives in the City of Albany and, at the time he filed his petition, the father resided in the City of Ithaca, Tompkins County. Following a hearing, Family Court granted the parties modified joint legal custody with primary physical custody and final decision-making authority to the mother. Family Court denied the mother's request to relocate. The mother appeals and we now affirm.*

A party seeking relocation bears the burden of establishing by a preponderance of the evidence that the move would be in the "child's best interests" (*Matter of Tropea v Tropea,* 87 NY2d 727, 741 [1996]; *see Satalino v Satalino,* 273 AD2d 632, 633 [2000]) and Family Court's determination in this regard will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Milea v Paradiso,* 279 AD2d 898, 900 [2001]; *Thompson v Smith,* 277 AD2d 520, 521 [2000]). A nonexclusive list of factors to be considered in determining whether relocation is appropriate includes: "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's

---

* Although the father now requests that we modify Family Court's order with respect to visitation, we do not address his arguments inasmuch as he did not cross-appeal from that order.

future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'' (*Matter of Tropea v Tropea, supra* at 740-741).

Here, the mother indicated that she wishes to return to the Czech Republic so that her children will be closer to her extended family, including the maternal grandparents. The mother currently resides with the children in a two-bedroom apartment and testified that she intends to remain at home with her children until the youngest reaches the age of four. She contends that relocation would dramatically improve her financial circumstances because she would stay in her parents' home, at least temporarily, and would be entitled to receive minimal support from the government for some period of time. The mother further asserts that her relocation would be in the children's best interests because they would receive free public education through college and free health care. The mother also testified that the older child has made friends in the Czech Republic and attended preschool there, as well as in New York.

The father objects to the move primarily on the ground that the long distance would deny him a meaningful relationship with the children. The father currently sees the children every other weekend and during vacation periods. Although the mother has agreed that the children would visit their father during the summer and several weeks during the winter, she admitted that travel is very difficult on the children. The father also notes that the mother left the Czech Republic due, in part, to a poor relationship with her parents and that she recently complained to a friend that her mother is ''a highly problematic person.''

Under these circumstances and in light of the impact that the move would have on the father's relationship with the children, we cannot say that Family Court erred in concluding that the mother failed to demonstrate that relocation to the Czech Republic would be in the children's best interests. Despite the mother's and Law Guardian's assertions, it is not clear that dependency on admittedly minimal government support represents a dramatic improvement in the mother's financial situation. Moreover, while the children would have the opportunity to spend more time with their maternal grandparents in the Czech Republic, the children's residence in the United States has not hindered their developing a relationship with the grandparents during the grandparents' lengthy visits to the

United States and the children's trips to the Czech Republic. Further, contrary to the Law Guardian's argument, Family Court considered the quality of both parents' relationships with the children and properly concluded that while the mother has been the primary caregiver, the father has remained engaged with the children, providing both emotional and financial support. Inasmuch as Family Court's denial of the mother's request to relocate has a sound and substantial basis in the record, we decline to disturb the court's determination (see *Matter of Rutz v Carinci,* 6 AD3d 992 [2004]; *Matter of Jelfo v Arthur,* 295 AD2d 689, 691; *Matter of Milea v Paradiso, supra* at 900-901).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.