■ In the Matter of STEPHANIE D. PAUL, Now Known as STEPHANIE D. LEE, Respondent, v LUKE PAGNILLO, Appellant, et al., Respondent. [786 NYS2d 662]—

Cardona, P.J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered August 20, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner and respondent Luke Pagnillo (hereinafter respondent) are the parents of a 10-year-old child. Although they separated when he was 18 months old, both parents continued to reside in the Town of Cobleskill, Schoharie County, until the year 2000, when respondent moved to the Town of Fort Montgomery, Orange County, approximately 2½ hours away by automobile, to take a seasonal job with the Department of Environmental Conservation. He resided in his mother's home and exercised visitation on three weekends a month. Thereafter, respondent moved to the Town of Ossining, Westchester County, completed his Master's degree and is presently a substitute teacher.

By an order entered upon consent on May 22, 2001, petitioner and respondent continued to share joint custody, with petitioner having primary physical custody and final decision-making authority. Respondent was granted, inter alia, alternating weekend visitation and the majority of the child's summer vacation.

In April 2004, petitioner commenced this modification proceeding to permit her to relocate with the child to Mississippi, some 1,400 miles away, because her fiancee, now husband, who has a Master's degree in Zoology, accepted a job in the field of herpetology as a Gopher Tortoise Biologist. Respondent opposed the relocation and filed a cross petition seeking to modify the May 22, 2001 order to provide him with "true joint custody,"

i.e., equal decision making in areas of the child's health, education and welfare. Following a combined hearing, Family Court granted petitioner's relocation application, fixed a new visitation schedule and dismissed respondent's modification application, resulting in this appeal.*

Initially, we note that "[a]s the party seeking relocation, petitioner ha[s] the burden of demonstrating, by a preponderance of the evidence, that the proposed relocation would be in the child's best interest" (*Matter of Grathwol v Grathwol*, 285 AD2d 957, 958 [2001]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). A court's "determination in this regard will not be disturbed if supported by a sound and substantial basis in the record" (*Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]). Each case must be determined on its own merits after considering "each parent's reasons for seeking or opposing the move, the relationship between the child and each parent, the impact of the move on the quality and quantity of the child's future contact with the noncustodial parent, and the move's potential enhancement of the child's and custodial parent's lives" (*Matter of Rutz v Carinci*, 6 AD3d 992, 994 [2004]; *see Matter of Tropea v Tropea, supra* at 740-741).

Here, petitioner's main reasons for the move distill to her desire to live with her husband who, she asserts, is unable to find a full-time job in New York or the northeast in his chosen field of herpetology and to achieve a more financially stable life for herself and her children. Notably, petitioner's husband did not testify at the hearing and petitioner offered only conclusory testimony regarding his job qualifications and prospects. Furthermore, there is no factual basis from which to reasonably conclude that his position in Mississippi is permanent, will have the opportunity for advancement, or that his annual salary, represented to be $32,000, will increase in regular increments. We note also that petitioner has no firm job prospects in Mississippi. In short, however well-intentioned, the degree to which the proposed move will enhance the financial stability of petitioner and the child is speculative at best.

Petitioner also asserts that the move will have no impact on the child's relationship with respondent. True, respondent's custodial periods postrelocation would include all of the child's summer and school-year vacations as well as four-day weekends, whenever available. Clearly, however, the proposed relocation would deprive the child of frequent and regular contact with re-

---

* Inasmuch as respondent has not addressed in his briefs the denial of his application for modification, we deem that matter abandoned (*see Rothberg v Reichelt*, 5 AD3d 848, 849 n [2004]).

spondent, "a valuable asset in the child's life" from which the evidence shows he has benefitted (*Matter of Stearns v Baxter,* 171 Misc 2d 398, 401 [1997], *affd* 248 AD2d 794 [1998]). Additionally, we note that petitioner has not seriously planned for the child's enrollment in school in Mississippi. Nothing is known of the curriculum in Mississippi or whether suitable remedial programs exist to meet the child's educational needs. Therefore, it cannot be said whether the child's move to a new school out-of-state, away from the stability of familiar surroundings, will enhance or hinder his educational development (*see id.* at 402).

While we certainly appreciate petitioner's motivation to relocate, in our view, she has failed to meet her burden of establishing, by a preponderance of the evidence, that the child's best interest will be served by the proposed move to Mississippi. On this record, neither petitioner's perceived economic enhancement, nor the prospect of living together as a new family unit in Mississippi, provide sufficient justification to uproot the child from the stability of the life he has here. Indeed, petitioner recognized the value of that stability when she indicated that she would preserve the status quo by remaining here with the child if relocation were not approved. Viewing the totality of the circumstances, and having concluded that petitioner has failed to meet her burden of demonstrating that the proposed move would serve the child's best interest, we reverse Family Court's order.

We need not address respondent's remaining arguments.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petitioner's application dismissed and the order entered May 22, 2001 shall remain in full force and effect.

