■ In the Matter of Olivia S. Leach, Appellant, v Jason Santiago, Respondent. (And Two Other Related Proceedings.) [798 NYS2d 242]—

Crew III, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered August 17, 2004, which, inter alia, granted respondent's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent, who never married, are the biological parents of a son (born in 2000). The parties apparently resided together until early 2001 and, in November 2002, entered into a stipulated order of custody granting them joint legal custody of the child with primary physical custody of the child to petitioner and liberal visitation to respondent. That order further provided that the child could not be relocated beyond a 40-mile radius of his then current residence absent mutual agreement of the parties or a court order.

Insofar as is relevant to this appeal, petitioner filed a violation petition in October 2003 alleging that respondent repeatedly returned the child late from scheduled visitations. Thereafter, in January 2004, petitioner sought modification of Family Court's November 2002 order permitting her to relocate with the child to Staten Island, Richmond County, to pursue an employment opportunity. Respondent opposed that application and cross-petitioned for primary physical custody of the child.

Following a two-day hearing, at which petitioner, respondent and their respective significant others appeared and testified, Family Court dismissed petitioner's violation petition, denied her request to relocate and granted respondent's request for primary physical custody of the child. This appeal by petitioner ensued.[1]

We affirm. As the party seeking relocation, petitioner bore the burden of establishing, by a preponderance of the evidence, that moving to Staten Island was in the child's best interest (*see Matter of Groover v Potter*, 17 AD3d 718, 718-719 [2005]), and Family Court's determination in this regard, if supported by sound and substantial evidence, will not be disturbed (*see Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]). In ascertaining whether relocation is appropriate, courts will examine a number of factors, including but not limited to: "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *see Matter of Paul v Pagnillo*, 13 AD3d 971, 972 [2004].)

Here, Family Court painstakingly analyzed each of the factors enumerated in *Tropea* and quite appropriately concluded, among other things, that petitioner simply failed to demonstrate how the proposed move to Staten Island would enhance her desired career path and, in turn, the child's welfare. Rather, it would appear, as Family Court found, that petitioner's primary motivation for the relocation was to be with her fiancé. Although petitioner, who graduated with a Bachelor's degree in political science and interned in the State Assembly, testified that she was unable to secure employment in the Albany area and that her current employment in Staten Island would allow her to pursue her political ambitions, her testimony on the latter point

---

**1.** Although petitioner's notice of appeal purports to appeal from an order entered July 31, 2004, it appears that petitioner actually is appealing from Family Court's order entered August 17, 2004. Regardless of whether the notice of appeal contains a typographical error (*see generally Salvador v Town Bd. of Town of Queensbury*, 303 AD2d 826, 827 [2003]) or simply is premature (*see O'Brien v O'Brien*, 16 AD3d 1015, 1016 n 2 [2005]), given the absence of prejudice (*see* CPLR 5520 [c]), we will reach the merits in the interest of justice.

was rather vague and her purported job search in the Albany area was entirely undocumented. Additionally, it is readily apparent from the record that moving the child to Staten Island would have a substantial impact on the relationship between respondent and his son. On this point, respondent testified that he had numerous visitation disputes with petitioner, and that his requests for additional time with his son frequently were denied—a situation that is unlikely to improve once the geographic distance at issue is added to the equation. It further appears that respondent is far more capable of fostering a meaningful relationship between the noncustodial parent and the child than petitioner would be if she were the custodial parent. In this regard, petitioner seemingly has adopted a variation of the "don't ask/don't tell" policy, essentially taking the position that if respondent does not pose a particular question regarding the child, there is no need for her to provide any information, as evidenced by petitioner's decision to enroll the child in counseling without first discussing the issue with or advising respondent and her surreptitious relocations downstate.[2] In short, based upon the totality of the circumstances and giving due consideration to all the relevant factors, Family Court did not err in its well-reasoned conclusion that the proposed relocation was not in the child's best interest.

We do, however, find merit to petitioner's contention that the transportation arrangement with regard to the child's visitations with her warrants modification. Family Court's order provides, in relevant part, that petitioner "shall continue to provide transportation unless she shall request by phone and e-mail at least 48 hours in advance (to be confirmed 3 hours in advance) that the parties meet at Exit 19 [of the State Thruway] at a specific reasonable time to exchange physical custody of [the child]. [Respondent] shall make every reasonable effort to accommodate such requests." In our view, this arrangement simply interjects uncertainty and, potentially, manipulation into an already stressful situation. Accordingly, we deem it appropriate to remit this matter to Family Court for the fashioning of an alternative transportation arrangement. Whether Family Court requires the parties to meet halfway between their respective

---

2. Petitioner admitted that she worked for a not-for-profit organization during June and July 2003, during which time the child was enrolled in day care in Brooklyn in direct contravention of Family Court's prior order. Additionally, it appears that for a period of time the child resided with his maternal grandmother in Albany County while the mother was living in Staten Island and, further, that petitioner concealed this fact from respondent in order to remain in what Family Court deemed to be "technical compliance" with its prior custody order.

residences or issues what the Law Guardian has denominated as a "fetch" order[3] is left to the court's sound discretion. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as directed that petitioner continue to provide transportation for visitations with the child; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

**3.** The Law Guardian suggests that "it would be in the child's best interest to be able to wait in the residence of the parent with whom he has been enjoying access until the other parent arrives at that residence for the purpose of picking the child up."