■ In the Matter of Janice Vega, Appellant-Respondent, v Jeffrey Pollack, Respondent-Appellant. [800 NYS2d 442]—

In a proceeding pursuant to Family Court Act article 6, (1) the mother appeals, as limited by her brief, from (a) stated portions of a decision of the Family Court, Queens County (Rood, R.), dated January 27, 2005, and (b) so much of an order of the same court, also dated January 27, 2005, as, after a hearing, denied her petition to relocate from New York to Virginia with the parties' minor child, and (2) the father cross-appeals from so much of the order as denied his cross-petition for custody of the parties' minor child and continued the award of custody to the mother.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's petition to relocate from New York to Virginia with the parties' minor child is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The mother commenced this proceeding for permission to relocate from New York to Virginia with the parties' minor child. The father opposed such relief and cross-petitioned for custody of the child. The Family Court continued the award of custody of the child to the mother, but denied her permission to relocate.

The Family Court's determination as to custody, which is accorded great deference on appeal, has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Thus, it will not be disturbed. However, although a close question, the mother should have been granted permission to relocate from New York to Virginia with the parties' minor child.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Kime v Kime*, 302 AD2d 564 [2003]). Factors to be considered include:

"each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements." (*Matter of Tropea v Tropea, supra* at 740-741.) Here, the child has a loving relationship with the father and extended family in New York. Further, visitation with the father will suffer from the long commute to Virginia. Concomitantly, the mother has married and her husband lives in Virginia with his son and daughter. The mother's husband has developed a strong and loving bond with the child, and stated that he would actively support the father's efforts to maintain his relationship with the child. Further, the husband is able to provide a comfortable home and standard of living for the child. The child expressed great affection for her stepfather and her stepsiblings, whom she referred to as her brother and sister, and indicated that she preferred her home and school in Virginia to her apartment and school in New York. In sum, the proposed relocation would be in the child's best interests.

In light of our determination, the matter is remitted to the Family Court, Queens County, for a determination as to suitable visitation arrangements with the father. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.