◼ In the Matter of SHAWNA WILLIS-MARSH, Appellant, v ROBERT WILKERSON, Respondent. (And Another Related Proceeding.) [803 NYS2d 231]—

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered December 9, 2003, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the parents of a son born in 1995. They divorced in 1999 and, until April 2003, essentially adhered to the terms of a stipulated custody order under which the child resided a majority of the time with petitioner. In April 2003, petitioner took the child and relocated to Colorado, notifying respondent only after the move was completed. Respondent was granted sole legal and physical custody in an order to show

cause and, with the assistance of law enforcement officials in Colorado, the child returned to New York to reside with respondent. Petitioner then filed a petition seeking custody of the child, permission to relocate him to Colorado and a modification of respondent's visitation schedule. Respondent answered and cross-petitioned for primary physical custody. Following a hearing, Family Court denied petitioner's request to relocate the child and granted joint custody, with respondent having primary physical custody. Petitioner appeals.

We affirm. A party seeking to relocate bears the burden of showing by a preponderance of the evidence that it is in the best interest of the child to move (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Paul v Pagnillo*, 13 AD3d 971, 972 [2004]). Relevant factors for consideration by a court faced with a relocation request "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, *supra* at 740-741). Deference is afforded to Family Court's credibility assessments (*see Matter of Grathwol v Grathwol*, 285 AD2d 957, 958 [2001]) and its determination of the relocation issue generally will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Leach v Santiago*, 20 AD3d 715, 716 [2005]; *Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]).

Here, the evidence reflected that both parents were committed and had close emotional bonds with the child. While petitioner desired to be closer to her family in Colorado, there was considerable evidence—including a detailed psychological evaluation—reflecting that the long distance relocation would be detrimental to the relationship between the child and respondent. Indeed, the potential for a negative impact on this relationship, which was an important part of the child's life, was a primary reason that Family Court denied the application for relocation. Family Court also found no economic enhancement in petitioner's move, a finding supported by the fact that petitioner held a substitute teaching position in New York and had acquired similar employment in Colorado. Both the Law Guardian and the court-appointed psychologist, while acknowl-

edging that this was a difficult case, favored the child residing in New York with respondent. Upon review of the record, we are unpersuaded that Family Court erred in concluding that petitioner failed to sustain her burden that a move to Colorado was in the child's best interest (*see Matter of Messler v Messler*, 218 AD2d 157, 160-161 [1996]).

Nor do we find merit in petitioner's argument that Family Court should not have placed primary physical custody with respondent. Initially, we note that petitioner testified that she would not return to reside in New York even if her request to relocate the child to Colorado was not granted and, such request having been denied, the circumstances support placing primary physical custody with respondent. Moreover, as found by Family Court, petitioner's action in taking the child to Colorado with no notice to respondent, together with her testimony at the hearing, revealed an ongoing disregard for the importance of the relationship between the child and respondent (*cf. Matter of Ahmad v Naviwala*, 306 AD2d 588, 591 [2003], *lv dismissed* 100 NY2d 615 [2003]). Respondent and his current wife provide an acceptable home situation for the child and the record amply supports Family Court's determination.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.