■ In the Matter of CARLIE J. SMITH, Appellant, v KEVIN L. HOOVER, Respondent. (And Another Related Proceeding.) [805 NYS2d 715]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 27, 2004, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the parents of a son born in 2000. As the result of earlier proceedings, petitioner has sole legal and physical custody of the child while respondent is entitled to three hours of unsupervised visitation per week.* In October 2003, petitioner married Justin Smith. After Smith was offered a job as the manager of his family's resort in North Carolina, petitioner sought permission to relocate the child to North Carolina. Respondent opposed the relocation, and cross-petitioned for joint custody and increased visitation. After a hearing, Family Court dismissed both respondent's cross petition and petitioner's request to relocate the child. Petitioner appeals.

A party seeking to relocate bears the burden of showing by a preponderance of the evidence that it is in the best interest of the child to make the proposed move (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Matter of Paul v Pagnillo, 13 AD3d 971, 972 [2004]). Courts are to consider numerous factors in such a situation, including each parent's reason for moving or opposing the move, the relationship between the child and each parent, the impact of the move on the quality and quantity of future contact between the child and the noncustodial par-

---

* Family Court's decision recites that respondent also has some overnight visitation pursuant to a temporary order, but such order is not included in the record.

ent, and the potential enhancement of the child's and custodial parent's lives (*see Matter of Tropea v Tropea, supra* at 740-741; *Matter of Rutz v Carinci*, 6 AD3d 992, 994 [2004]). We will not disturb Family Court's determination of the relocation issue unless it lacks a sound and substantial basis in the record (*see Matter of Leach v Santiago*, 20 AD3d 715, 716 [2005]; *Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]).

Here, the record reflects that the parties' relationship has been tumultuous and at times dangerous for petitioner due to respondent's alcohol abuse, inability to control his anger and violations of past orders of protection. In fact, the visitation arrangement was altered in September 2003 to avoid respondent's contact with petitioner, and the order of protection against respondent had only recently expired when Family Court considered the parties' petitions. The parties' acrimonious history was the primary reason that Family Court denied respondent's cross petition.

Given this background and respondent's limited visitation, we are constrained to find that the Family Court erred in giving priority to the effect of the proposed relocation on respondent's visitation while minimizing its clear benefits for the child. Petitioner and her husband testified that the relocation would substantially increase their income so as to permit petitioner to stop working and stay at home with the child, provide a supportive extended family for the child and permit the child to live in a more spacious home in a rural setting. While Family Court questioned Smith's hope of one day taking over the family business from his father and his alleged inability to find work in his field in Broome County, there was good reason to conclude that his employment in North Carolina would be permanent with a substantially higher salary and opportunity for advancement since he would be engaged in an existing family business. The court also unreasonably discounted the salary increase by an unspecified amount attributed to the increased cost of transporting the child for visitation. In our view, the record contains ample evidence that the relocation would enhance the financial stability and home environment of petitioner and the child (*see Matter of Stone v Wyant*, 8 AD3d 1046, 1047 [2004]; *cf. Matter of Glaser v McFadden*, 287 AD2d 902, 904 [2001]).

We are also troubled by Family Court's suggestion that relocation might be permitted in the future if petitioner were to first agree to allow respondent to have extended visitation for one or more weeks at a time. In light of respondent's problems with anger and alcohol, and his undesirable living arrangements, it was not reasonable for the court to impose such a condition on

relocation when the court itself was unwilling to direct such visitation. While it was proper for Family Court to give weight to the impact of the relocation on visitation, its concerns were adequately met by petitioner's offer to make the child available for visitation whenever respondent could come to North Carolina, bring the child to New York at Christmas and during summers, and work with respondent to share transportation responsibilities (*see Thompson v Smith*, 277 AD2d 520, 522 [2000]). Thus, the evidence was sufficient to establish that relocation to North Carolina was in the child's best interests, a result also advocated by the Law Guardians both at the hearing and on appeal (*see Matter of Vega v Pollack*, 21 AD3d 495, 497 [2005]).

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as dismissed petitioner's application; application granted and matter remitted to the Family Court of Broome County for the fashioning of an appropriate visitation schedule for respondent; and, as so modified, affirmed.