Appeal from an order of the Ontario County Court (William F. Kocher, J.), entered June 11, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). County Court’s determination is not supported by the record inasmuch as the court improperly assessed 30 points under the categories of “Sexual contact with victim” and “Release with supervision.” The People correctly concede that the court erred in assessing 25 points for attempted sexual intercourse because there was no evidence of actual sexual intercourse between defendant and the victim as required to assess points under the category of “Sexual contact with victim” (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 2, 9 [2006]). In addition, an offender released into the community under the supervision of “a probation or parole officer who oversees a sex offender caseload or who otherwise specializes in the management of such offenders” should not be assessed any points for release under supervision (see Risk Assessment Guidelines and Commentary, at 17). The People correctly concede that defendant was released under the terms of that specialized supervision, and we thus conclude that the court erred in assessing five points under the category of “Release with supervision.” As a result of the court’s errors, defendant should have been assessed 55 points, and the court should have *1229 determined that defendant is a level one risk. We therefore modify the order accordingly.
Contrary to the People’s contention, which we consider because it is an alternative basis for an affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), the court properly determined that the People did not meet their burden of proving by clear and convincing evidence that defendant should be assessed 20 points for physical helplessness. Finally, the remaining contention of the People that the court should have granted an upward departure to a level three risk based on defendant’s history of abuse and drug use is not properly before us, in the absence of a cross appeal by the People (see generally Koch v Consolidated Edison Co. of N.Y., 62 NY2d 548, 562 n 10 [1984], rearg denied 63 NY2d 771 [1984], cert denied 469 US 1210 [1985]; Matter of Herman v Villafane, 9 AD3d 525, 526 n [2004]). Present — Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.