■ In the Matter of JEFFREY S. HILLS, Appellant, v MICHELE C. MADRID, Respondent. (And Another Related Proceeding.) [869 NYS2d 657]—

Malone Jr., J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother), who never married, are the parents of one child (born in 2000). For the first five years of the child's life, the parties lived in different states, at times, and maintained an informal agreement regarding custody and visitation. In October 2005, when both parties were living in New York—the father in the Capital District and the mother in the Town of Sidney, Delaware County—a consent order was entered, pursuant to which the parties maintained joint legal custody of the child, the mother was awarded primary physical custody and the father received visitation each weekend, as well as alternating holidays and birthdays.

In June 2006, the mother relocated with the child to the City of Rochester, Monroe County. As a result, the father filed a petition to modify the October 2005 custody and visitation order, seeking sole legal custody of the child. The mother then filed a petition, apparently seeking sole legal custody of the child and approval of her relocation. Following a hearing on the petitions, Family Court awarded the mother sole legal custody of the child, approved her relocation, and modified the parties' prior order regarding visitation. The father now appeals.

A parent seeking to relocate with a child must demonstrate by a preponderance of the evidence that the relocation is in the child's best interests. Factors to consider include the parent's reason for seeking a relocation, the other parent's reason for opposing the move, "the impact of the move on the quality and quantity of future contact between the child and the noncustodial parent, and the potential enhancement of the child's and custodial parent's lives" (*Matter of Smith v Hoover*, 24 AD3d 1096, 1096-1097 [2005]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Here, according deference to Family Court's assessment of the credibility of the witnesses and its consideration of the relevant factors, we are satisfied that the mother established by a preponderance of the evidence that her relocation to the Rochester area was in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d at 741).

The mother testified at the hearing that she and her husband moved to Rochester immediately after a flood in Delaware County destroyed their rented home, rendering it uninhabitable. In addition, the flood negatively affected her husband's business clients, many of whom were not able to pay on their accounts, which created a financial burden for the family. According to the mother, although she was not working outside the home at the time of the flood, instead serving as a stay-at-home mother to the parties' child and her child with her husband, she had previously lived and worked in the Rochester area and, through contacts there, was able to secure employment within her professional field in a matter of days. In addition, her husband was able to transfer his business to the Rochester area, although she admitted that the business ultimately failed. Moreover, according to the mother, the Rochester area school districts and therapists were recommended to her as capable of handling the child's special education and behavioral needs. Indeed, there was no serious dispute at the hearing that the child's emotional well-being was improved when he began treatment with his therapists in Rochester and started receiving services at the local school. Accordingly, the record supports the finding that the relocation improved the financial, emotional and educational well-being of the child. Although the relocation inevitably affected the father's ability to see his son during the week, under the current visitation schedule set by Family Court, the father will continue to have visitation every other weekend and alternating holidays, and he gained extended visitation with the child during school breaks and summer vacations. Thus, the father will continue to have regular and meaningful contact with the child.

Based on the circumstances presented here, we cannot say that Family Court erred in concluding that the mother established that the relocation was in the child's best interests (*compare Matter of Paul v Pagnillo*, 13 AD3d 971 [2004]). However, as conceded by the mother at oral argument of this appeal, the award of sole legal custody to the mother was not warranted. In addition, the father's petition seeking sole legal custody was considered by Family Court and its determination denying him such relief is fully supported by the record. As such, and considering that neither party offered evidence that their relationship is so acrimonious that joint legal custody is unworkable (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Welch v Welch*, 39 AD3d 910, 912 [2007], *lv dismissed* 9 NY3d 988 [2007]), the parties should continue to share joint legal custody, with primary physical custody with the mother.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded sole legal custody of the child to respondent; the parties are awarded joint legal custody of the child; and, as so modified, affirmed.