■ In the Matter of Howard Norton, Appellant-Respondent, v Town of Islip et al., Respondents-Appellants, et al., Respondents. Pierce Fox Cohalan et al., Nonparty Respondents-Appellants. [897 NYS2d 122]—

Motion by appellant-respondent, in effect, to reargue an appeal from an order of the Supreme Court, Suffolk County, dated July 26, 2007, which was determined by decision and order of this Court dated March 31, 2009.

Upon the papers filed in support of the motion and upon the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated March 31, 2009 (*Matter of Norton v Town of Islip*, 60 AD3d 1069 [2009]), is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78 to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Mullen, J.), dated July 26, 2007, as denied his motion, inter alia, to hold the Town of Islip, Patricia Pasciutti, Pierce Fox Cohalan, and Erin A. Sidaras in civil contempt for their violation of a judgment of the same court entered January 31, 2006, and to impose sanctions upon them for frivolous conduct, and the Town of Islip, Patricia Pasciutti, Pierce Fox Cohalan, and Erin A. Sidaras cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion to impose sanctions upon the petitioner for frivolous conduct. Justice Mastro has been substituted for Justice Carni (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the Town of Islip, Patricia Pasciutti, Pierce Fox Cohalan, and Erin A. Sidaras violated the judgment entered January 31, 2006, and a new determination thereafter on the motion and cross motion.

On January 27, 2003, the petitioner, Howard Norton, filed with the Town of Islip a request for the production of certain Town records pursuant to the Freedom of Information Law (hereinafter FOIL; *see* Public Officers Law § 84 *et seq.*). Through various proceedings challenging the Town's failure to produce the records, and one prior appeal to this Court (*Matter of Norton*

*v Town of Islip*, 17 AD3d 468 [2005]), production has proceeded fitfully. In a judgment entered January 31, 2006, the Supreme Court granted the petition in part and directed the Town, inter alia, to produce unredacted copies of the records Norton sought. In May 2007, after concluding that certain requested records had not been produced and that others had been provided with redactions, Norton moved to hold the Town and several of its officers, namely Patricia Pasciutti and nonparties Pierce Fox Cohalan and Erin A. Sidaras (hereinafter collectively the Town), in contempt for violating the judgment entered January 31, 2006. He also sought the imposition of sanctions, and an award of an attorney's fee. The Town cross-moved for the imposition of sanctions upon Norton and his attorney for engaging in frivolous conduct.

After an in camera review of the Town's records, including records not previously produced, to determine whether they were the subject of Norton's FOIL request, the Supreme Court denied the motion and cross motion, but directed the Town to disclose the records not previously produced, with references to matters that were not the subject of Norton's FOIL request redacted. The court held that such redactions and the redactions in the records previously disclosed did not violate the terms of the judgment, inasmuch as the redacted matter did not pertain to the subject of Norton's FOIL request. The court did not determine, however, whether the Town had, in fact, violated the judgment by virtue of *its* nonproduction of certain requested documents. The petitioner appeals and the Town cross-appeals from those portions of the order as are adverse to them.

Without first determining whether the Town, in fact, violated the judgment, it was not possible for the Supreme Court to make proper determinations on the motion and cross motion. We therefore reverse and remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether, by virtue of its nonproduction of certain documents, the *Town* violated the judgment, and for a new determination thereafter on the motion and cross motion.

We note that the Supreme Court properly found that the redactions in the documents already provided did not relate to the subject matter of Norton's FOIL request. Thus, the Town's redactions in this regard did not violate the judgment and, consequently, did not provide a basis for finding the Town in civil contempt (*see Antonacci v Antonacci*, 273 AD2d 185, 186 [2000]; *Matter of Whiteco Metrocom Div. of Whiteco Indus. v Lambert*, 221 AD2d 750, 751 [1995]; *Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]). Mastro, J.P., Fisher, Miller and Balkin, JJ., concur.