■ In the Matter of SARA ZZ., Respondent, v MATTHEW A., Appellant. (And Another Related Proceeding.) [909 NYS2d 212]—

McCarthy, J. Appeal from an order of the Supreme Court (Rowley, J.), entered March 17, 2009 in Tompkins County, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one son (born in 2000). As a

result of previous proceedings under Family Ct Act articles 6 and 10—wherein the father was found to have neglected the parties' child, the mother's other son and one of the father's daughters—the mother was granted sole custody of the parties' son. The father was granted visitation, but the duration was ultimately reduced to one supervised hour per week. The mother filed a petition for permission to relocate to South Carolina. The father opposed her petition and filed a petition seeking increased and unsupervised visitation. Following a hearing, Supreme Court granted the mother's application and denied the father's application.* The father appeals.

Supreme Court's decision granting the mother's petition to relocate was supported by a sound and substantial basis in the record. The court considered the appropriate factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential enhancement to the custodial parent and child due to the move, and each parent's motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d 727, 740 [1996]; Matter of Solomon v Long, 68 AD3d 1467, 1469 [2009]; Matter of Smith v Hoover, 24 AD3d 1096, 1096-1097 [2005]). After hearing the testimony of both parties and several other witnesses, the court found that the mother wanted to relocate to start fresh, away from the intimidation of the father who was previously found to have committed acts of domestic violence against her. The court found that the father opposed the move to harass the mother and because he wanted to continue exercising control over the mother and her life. He made harassing phone calls to her, intimidated supervisors of visits and exchanges, and admitted that he ended a relationship the mother had with another man. Although the father was engaged in individual counseling and a domestic violence education program and appeared to have made some progress in addressing his anger issues, he continued to hedge his acknowledgment and responsibility for engaging in domestic violence and physical aggression against the mother. The court noted that relocation would permit the mother to start a new life without the fear and stress associated with potential community contact with the father (see Matter of Sheridan v Sheridan, 204 AD2d 771, 773-774 [1994]).

Many paternal family members of the mother's two children live in South Carolina and she intended to live near them and receive support from them. While the father expressed concerns

---

* The order states that the mother is allowed to move to North Carolina. As she never sought to move to that state, we correct this apparent typographical error to permit her to move to South Carolina.

that his family members in South Carolina were violent and abused drugs and alcohol, he had not seen some of them in nearly 20 years, and he had not spoken to any of them in approximately one year. The father mentioned his own father in New York as a reason to oppose the move for the child's sake, but this family member had a violent past, used drugs and the father had not been in contact with him. The father's concerns about his brother who lived in South Carolina may have been legitimate, as the brother had been in prison for drug possession and had previously burned the mother's possessions. On the other hand, the father bore ill will against his brother, who had a child with the mother shortly after she ended her relationship with the father. Supreme Court accepted the mother's testimony that she was not planning to live with the brother, though she did intend to co-parent their common child. The mother also encouraged her son's relationship with his two half sisters, the father's daughters. The father's parental rights were terminated as to the older daughter, the younger daughter was placed in foster care due to his neglect of her and at the time of the hearing neither daughter had a relationship with the father.

The mother attended meetings at the child's school, medical appointments and athletic events. The father generally did not attend these functions. The mother looked into housing, potential jobs and school arrangements in South Carolina and was prepared to transfer the son's educational programming if the move was approved. She planned to move into a three-bedroom house and had made financial arrangements for the rent, which would improve the situation over her temporary quarters in her mother's home in New York. Additionally, the mother planned to return to Tompkins County, where her parents and brother live, during the holidays and the summer to permit visitation between her son and the father, as well as between the son and his half sisters. Giving deference to Supreme Court's credibility determinations, and noting its consideration of the appropriate factors, the court did not err in determining that relocation was in the child's best interests and granting the mother's petition (*see Matter of Winston v Gates*, 64 AD3d 815, 818-819 [2009]; *Matter of Smith v Hoover*, 24 AD3d at 1097-1098).

The mother violated a temporary order by moving to South Carolina following the hearing but prior to Supreme Court issuing its decision. Despite this violation, the court had discretion in considering the father's motion for contempt and did not abuse its discretion by declining to hold her in contempt and

instead issuing a new temporary order permitting the relocation (*see Matter of Whiteco Metrocom Div. of Whiteco Indus. v Lambert*, 221 AD2d 750, 751 [1995]; *Educational Reading Aids Corp. v Young*, 175 AD2d 152, 152 [1991]; *Dickson v Ferullo*, 96 AD2d 745 [1983]).

Spain, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by permitting the mother to move to South Carolina rather than North Carolina, and, as so modified, affirmed.